**Frank SHORTINO et al., Appellants,**

v.

**Charles B. WHEELER et al., Appellees.**

No. 75-1596.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1976.

Decided March 23, 1976.

Charles C. Shafer, Jr., Kansas City, Mo., filed appendix and appellants' brief. Lawrence F. Gepford, Kansas City, Mo., filed appearance, but did not make argument or file brief.

Aaron A. Wilson, City Atty., S. B. Mumma and Dan G. Jackson, III, Asst. City Attys., Harry L. Browne and Howard F. Sachs, Kansas City, Mo., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Appellants, Local No. 42, International Association of Fire Fighters and two of its officers, appeal from the dismissal of their class action suit against the Mayor and the members of the City Council of Kansas City, Missouri. The appellants seeks injunctive and declaratory relief to remedy alleged insufficient fire protection in Kansas City and to require an immediate increase in the number of firefighters.

The appellants brought the action under 42 U.S.C. § 1983, asserting that the defendants' failure to provide adequate fire protection deprived the appellants of their equal protection and due process rights to have their homes and businesses protected from fire. The District Court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.

■ In their complaint, the appellants have failed to allege discrimination against any group or geographical area in providing fire protection for the city. Instead, they allege inadequacies in fire protection throughout the city. Absent any allegation of improper classification or discrimination among citizens, there is no judicially cognizable equal protection cause of action.

■ The appellants also assert that the due process clause provides that once a municipality undertakes to provide fire protection, "it is under a constitutional obligation to provide adequate service." We find no support for this broad proposition. *See generally Palmer v. Thompson,* 403 U.S. 217, 91 S.Ct. 1940, 29 L.Ed.2d 438 (1971); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

We affirm.