522 So.2d 214 (1988)
Robert Gary SANFORD
v.
FEDERATED GUARANTY INSURANCE COMPANY.
No. 57456.
Supreme Court of Mississippi.
February 17, 1988.
Rehearing Denied April 13, 1988.
*215 David L. Valentine, Adams, Valentine & Edens, Brandon, for appellant.
W. Swan Yerger, Sam S. Thomas, Heidelberg, Woodliff & Franks, Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Robert Gary Sanford filed a complaint against Federated Guaranty Insurance Company, Inc. (FGIC) in the Circuit Court of the First Judicial District of Hinds County. From summary judgment in favor of FGIC, Sanford appeals, claiming that summary judgment was inappropriate because genuine issues of material fact existed.
On March 15, 1984, Sanford and FGIC entered into an insurance contract covering Sanford's 1983 Mazda truck. Subsequently, on April 1, 1984, Sanford submitted a claim for damages to the truck resulting from an accident which occurred March 18, 1984.
While investigating the claim, FGIC discovered that a statement on Sanford's application was false. When the FGIC agent completing Sanford's application asked whether he had been charged with speeding in the past twelve (12) months, Sanford replied that he had not. The agent then checked "no" to that question on the application, and Sanford initialed the portion of the application containing that question along with eleven (11) others. In fact, Sanford had received two (2) speeding tickets in the preceding twelve (12) months. Sanford admits that he had received those tickets within the twelve (12) months preceding his application, but claims that he had forgotten them at the time he applied for the policy.
There are two (2) points needing clarification. First, there is a discrepancy as to the time frame involved in the question about speeding. The question on the application is, "Has the applicant... been charged with speeding ... in the past five (5) years." The agent stated in her deposition that she asked Sanford whether he had been charged with speeding in the past five (5) years. Yet Sanford stated that he was asked whether he had been charged with speeding in the last twelve (12) months. Any dispute as to this fact is immaterial. Regardless of whether he was asked about five (5) years or one (1) year, Sanford's answer was false, since he had received two (2) speeding tickets within the twelve (12) month period immediately preceding his application.
The second point needing clarification is this. FGIC makes much ado about another *216 alleged misrepresentation in Sanford's application. Although Sanford stated on his application that he had not been in an automobile accident in the past five (5) years, his deposition indicates that he had an accident approximately three (3) years before applying for the FGIC policy. This alleged misrepresentation is of little consequence for two (2) reasons: 1) FGIC did not know about it, and therefore could not have relied on it, when they denied coverage; and 2) if the accident occurred more than three (3) years prior to application (which cannot be determined from the record), then it would not have required denial of coverage, according to FGIC's underwriting standards, although any accident was considered a "red flag" which, in combination with other factors, might render an applicant ineligible.
Based on the misrepresentation about speeding, FGIC denied coverage, rescinded the insurance contract, and refunded Sanford's premiums. Sanford filed suit, claiming breach of contract and bad faith. He sought $157,000.00 in actual and punitive damages. After discovery and on motion of FGIC, the trial court entered summary judgment in favor of FGIC. Sanford appeals, arguing that summary judgment was inappropriate because there were genuine issues of material fact.

I. WERE SANFORD'S ANSWERS WARRANTIES OR REPRESENTATIONS?
If, in answering the question about speeding, Sanford was making a warranty, then the materiality of his false answer is of no consequence, since "a warranty must be literally true and its materiality cannot be inquired into... ." Colonial Life & Acc. Inc. Co. v. Cook, 374 So.2d 1288, 1291 (Miss. 1979). If, on the other hand, Sanford was making a mere representation when he answered the question, then the materiality and the substantial truth of the statement become very important, because "a representation, if substantially true and not material to the risk, will not invalidate the policy in the absence of fraud." Id.
The language of Sanford's policy is inconsistent as to whether the answers on the application are warranties or representations. On the application form itself, the following language appears above Sanford's signature:

I hereby warrant that the answers to the questions above and on the reverse side hereof are complete and true and it is agreed that any untrue statements or answers contained therein or any facts concealed intentionally or otherwise will render any insurance issued on this application void. I further agree to be bound by the proxy on the reverse side hereof. (emphasis added)
Although the above-quoted language is actually in the application rather than the policy, there is language in the policy incorporating the application, thereby making the application a part of the contract. Interstate Life and Accident Insurance Co. v. Flanagan, 284 So.2d 33, 35 (Miss. 1973). It is in the incorporation provision that the following language appears, contradicting the application's reference to warranties:
By acceptance of this policy the insured named in the declarations agrees that the statements in the declarations are his agreement and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance. (emphasis added)
Thus, what is referred to as a warranty in the application, is referred to as a representation in the policy. Although this Court has never been presented with a case involving this particular ambiguity, the leading treatise on insurance is very clear on this point:
To constitute a warranty, the language of the policy must be definite and unambiguous. If there is doubt, arising from the contract, as to whether the provisions are to be treated as warranties or as representations, the courts will regard them as representations only. Thus, if there are contradictory or inconsistent terms used in different parts of the policy, *217 so that statements are termed warranties in one place, and qualified in another, or the term "representation" is also employed in describing the statements, the courts will resolve any such ambiguity in favor of recovery. Similarly, where there is any ambiguity or doubt about the statement claimed to amount to a warranty, as to its meaning, the matter will be construed most strongly against the insurer. It is necessary, of course, where some of the statements in the contract appear to be warranties and others representations to construe the whole of the statements in determining whether they are intended as warranties or as representations.
Appleman, Insurance Law and Practice § 7342. Moreover, we have held 1) that where there is an ambiguity between the policy and the application, the terms of the policy will govern, and 2) that ambiguities in an insurance contract are to be strongly construed against the insurer. National Life and Accident Co. v. Miller, 484 So.2d 329, 337 (Miss. 1985). As such, the contradictory language in the contract requires that the answers be construed as representations, rather than as warranties.

II. CAN THE MATERIALITY AND THE SUBSTANTIAL TRUTH OF SANFORD'S REPRESENTATION BE DETERMINED ON A MOTION FOR SUMMARY JUDGMENT?
Because Sanford's statement (that he had not been charged with speeding in the past year) was a representation rather than a warranty, it could invalidate the policy only if it was material and not substantially true. National Casualty Co. v. Johnson, 219 Miss. 1, 67 So.2d 865 at 867 (1953). Because the trial court granted summary judgment in favor of FGIC, the issue on appeal is whether summary judgment is appropriate on such issues as the materiality and the substantial truth of a statement.
The materiality of a representation is determined by the probable and reasonable effect which truthful answers would have had on the insurer. Appleman, Insurance Law and Practice § 7294. Materiality of a breach of contract is a question of fact. UHS-Qualicare v. Gulf Coast Community Hospital, 525 So.2d 746 (Miss. 1987) (petition for rehearing pending). We have, however, declined to hold that "in all cases the question of the materiality of the misrepresentations should be submitted to the jury." Fidelity Mut. Life Ins. Co. v. Miazza, 93 Miss. 422, 438, 48 So. 1017, 1019 (1909).
The motion for summary judgment is the functional equivalent of the motion for directed verdict made at the close of all the evidence, which simply occurs at an earlier stage. In considering the motion, the trial court must view all the evidence (admissions in pleadings, depositions, affidavits, answers to interrogatories, etc.) in the light most favorable to the non-movant. Upon this consideration, if the moving party is entitled to judgment as a matter of law, the motion should be granted; otherwise it should be denied. Southern Farm Bureau Casualty Insurance Co. v. Brewer, 507 So.2d 369, 370 (Miss. 1987); Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss. 1983). It is in light of this standard that the evidence must be viewed.
The primary evidence as to materiality is in FGIC's underwriting rules. Those rules indicate that, as to both preferred and standard risk, an adult would be ineligible if he had more than two (2) motor vehicle violations within twelve (12) months; a youth, however, would be ineligible for either coverage if he had more than one ticket within twelve (12) months. Sanford was twenty (20) years old at the time he applied. FGIC claimed they would have considered a twenty (20) year old to be a youth, although that term is not defined in the underwriting rules. As might be expected, FGIC's witnesses testified that they would have denied coverage if they had known about the violations. Under these circumstances, the evidence presented a fact issue as to materiality of the false statement; i.e., there was a jury question as to the probable and reasonable effect a truthful answer would have had on the insurer's decision. Put another way, it cannot *218 be said that reasonable jurors could not differ as to whether a truthful answer would reasonably have affected FGIC's decision to grant or deny coverage.
Further, Sanford's testimony about an accident he had approximately three (3) years prior to applying for the policy does not alter our determination as to the existence of a factual issue. FGIC did not know about that accident when it denied coverage; moreover, since the record does not indicate the date of the accident, there is a fact question as to whether it was recent enough to have affected FGIC's coverage decision.
Because there was a fact issue as to materiality, it does not matter whether there was a fact issue as to the substantial truth of Sanford's answer. Where an answer is a representation rather than a warranty, its falsity bars recovery only if it is material. National Cas. Co. v. Johnson, 219 Miss. 1, 6, 67 So.2d 865, 867 (1953).
Because there was a genuine issue of material fact, summary judgment was inappropriate. Miss.R.Civ.P. 56. The lower court erred in granting such.

CONCLUSION
The insurance policy in the present case contradicts itself as to whether the answers in the application are warranties or mere representations. Consequently, they must be considered representations. A warranty must be literally true, and its materiality cannot be inquired into; a representation, however, will not invalidate a policy if that representation is subsequently true or not material to the risk. Since Sanford's false statement was only a representation, rather than a warranty, it cannot be grounds for recision if it was substantially true or not material to the risk. Substantial truth and materiality are both questions of fact. Therefore, summary judgment was inappropriate. The lower court's decision is reversed and remanded for a trial on the merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P. JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.