SULLIVAN, Justice,
for the Court:
I.
This is an appeal from a judgment of the Chancery Court of Oktibbeha County sustaining L. E. Spruill’s motion for summary judgment. The dispute involved the location of “Old Whitfield Street” which was owned originally by the County of Oktib-beha but the county quitclaimed the street to the City of Starkville in October of 1974. The City of Starkville, by ordinance, adopted December 5, 1978, closed and vacated the disputed portion of Old Whitfield Street, after the construction of New Whitfield Street.
L.E. Spruill claimed title to portions of this street under Mississippi law which provides that the landowner who abuts the abandoned property procures title to it. He acquired title to certain land, on January 2, 1985, in Oktibbeha County located in the northwest corner of the intersection of Avenue of Patriots with New Whitfield Street from H. B. Hudspeth and Edward S. Ballard, which he asserted abutted portions of this abandoned street.
The description of the tract that L. E. Spruill acquired from H. B. Hudspeth and Edward S. Ballard is as follows:
Begin at the intersection of the North right-of-way of Whitfield Street and the East right-of-way of the Avenue of Patriots and run North Io 40' West along the East right-of-way of Avenue of Patriots for 236 feet; thence run South 38° 31' East for 55.4 feet to the North right-of-way of Whitfield Street; run thence South 47° 40' West along said right-of-way for 285 feet to the Point of Beginning. Containing .66 acres, more or less, all being in Section 4, Township 18 North, Range 14 East, of Oktibbeha County, State of Mississippi.
LESS AND EXCEPT THEREFROM: That certain parcel of real property lying and being in the City of Starkville, previously conveyed to the City of Starkville by warranty deed stated September 21, *1129 1977, and recorded in Deed Book 535 at Pages 178-180, and more particularly described as follows, to-wit:
Commence at the Southeast corner of Humble Oil property, as recorded in Book 421 at Pages 497-498 of the public land records of Oktibbeha County, Mississippi, and run North 48° 00' East for a distance of 84.9 feet to the East boundary of the Avenue of Patriots; thence run North 01° 56' West along the East Boundary of the said Avenue of Patriots for a distance of 133.7 feet to the Point of Beginning.
From the said Point of Beginning run North 89° 01' East for a distance of 155.9 feet to a point on the North right-of-way of Whitfield Street; thence run North 48° 00' East along the North right-of-way of Whitfield Street for a distance of 81.3 feet; thence run North 48° 37' West for a distance of 48.6 feet; thence run North 88° 53' West for a distance of 183.0 feet to the East right-of-way of the Avenue of Patriots; thence run South 01° 56' East along the East right-of-way of Avenue of Patriots for a distance of 92.8 feet to the Point of Beginning.
The above described parcel lying and being situated in the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of Section 4, Township 18 North, Range 14 East, Oktibbeha County, Mississippi, and contains 0.3937 acres, more or less.
The descriptions of Tracts 2, 3 and 4 which Spruill claims abut his property are as follows:
Tract 2:
Commence at the Southeast corner of the Humble Oil Company property as shown by Deed recorded in Deed Book 421 at Pages 497-498 of the Public Land Records of Oktibbeha County, Mississippi, and run North 48° 00' East a distance of 84.9 feet to the East boundary of the Avenue of Patriots at its intersection with North Boundary of Old Whitfield Street as the Point of Beginning.
Thence continue North 48° 00' East a distance of 203.7 feet; thence South 42° 00' East a distance of 28.2 feet to the centerline of Old Whitfield Street; thence run South 47° 08' West a distance of 203.7 feet to the East right-of-way of the Avenue of Patriots; thence run North 42° 00' West a distance of 31.3 feet along the East right-of-way of the Avenue of Patriots to the Point of Beginning.
Tract 3:
Commence at the Southeast corner of the Humble Oil Company property as shown by Deed recorded in Deed Book 421 at Pages 497-498 of the Public Land Records of Oktibbeha County, Mississippi, and run North 48° 00' East a distance of 315.5 feet to the South right-of-way of Whitfield Street relocated and use as the Point of Beginning.
Thence run North 68° 31' East along the South right-of-way of Whitfield Street a distance of 76.0 feet to the centerline of Old Whitfield Street; thence run South 47° 08' West along the centerline of Old Whitfield Street a distance of 71.1 feet; thence run North 42° 00' West a distance of 27.8 feet to the Point of Beginning. Tract 4:
Commence at the Southeast corner of the Humble Oil Company property as shown by Deed recorded in Deed Book 421 at Pages 497-498 of Public Land Records of Oktibbeha County, Mississippi, and run North 48° 00' East a distance of 84.9 feet to the East right-of-way of the Avenue of Patriots at its intersection with the North right-of-way of the Old Whitfield Street; thence run South 42° 00' East along the East right-of-way of the Avenue of Patriots a distance of 31.3 feet to the centerline of Old Whitfield Street and use as the Point of Beginning.
Thence continue South 42° 00' minutes East a distance of 14.6 feet to the North right-of-way of Mississippi Highway No. 12; thence run in an Easterly direction along the North right-of-way of Mississippi Highway No. 12 a distance of 66.1 feet; thence run North 46° 15' East a distance of 18 feet; thence run North 43° 45' West a distance of 30.1 feet to the centerline of Old Whitfield Street; thence run South 47° 08' West along the centerline of Old Whitfield Street a dis *1130 tance of 81.5 feet to the Point of Beginning.
On March 29, 1985, L. E. Spruill filed an action to quiet and confirm title to the tracts of land which were abandoned by the city. Initially, he claimed title to Tract 1 by the aforementioned deed from Hudspeth and Ballard, and then claimed title to Tracts 2, 3 and 4 by operation of law because they were portions of an abandoned roadway “Old Whitfield Street,” which abutted his property.
John and Sarah Raines, the defendants below, claimed that the description of Whitfield Street by L. E. Spruill was inaccurate and that they were the abutting owners of all the land described. They claim a disparity in the description of the deeds involving Tract 1, that they have owned the land since 1958 and have been in possession since the date of their deed, that Old Whitfield Street never existed as described in the deed from the County of Oktibbeha to the City of Starkville, and that the county never owned the land because Whitfield Street was built illegally on their land.
On May 15, 1987, L. E. Spruill filed a Motion for Summary Judgment in the chancery court in his action to quiet and confirm title. Oral argument on the summary judgment motion was heard on September 24, 1987. In support of the motion for summary judgment, Spruill attached plats and an affidavit of A. L. Goodman, Jr., an engineer, to establish the street’s location. The description of the disputed property as depicted in the submitted diagram illustrated that the street was bordered to the south by Mississippi Highway 12, to the west by the Avenue of Patriots, to the north by New Whitfield Street and to the east by property owned and occupied by Direct Oil.
The Raines presented counter-affidavits in opposition to L. E. Spruill’s contended location of abandoned Old Whitfield Street. Regardless, the chancellor granted L. E. Spruill’s request for summary judgment, listing three justifications for his decision, to-wit: there were no genuine issues of material fact as to the legal description of the part of Old Whitfield Street abandoned by the city, and the adjudication in Cause Nos. 13,168 and 13,455 satisfied all the prerequisites necessary for application of the doctrines of res judicata/claim preclusion and collateral estoppel/issue preclusion, which barred the Raines from relit-igating the location of the abandoned street.
The alternative holdings stem from a previous litigation adjudicating the location of the abandoned street. The Raines litigated the location of Old Whitfield Street previously against another property owner, D. L. Spruill, who claimed the southern portion of the abandoned Old Whitfield Street. In 1983, D. L. Spruill brought an action to confirm title to the south portion of abandoned Old Whitfield Street. The Raines disputed the alleged location of the street and claimed, as they do in this case, that they owned the property in question. See Raines v. Spruill, 425 So.2d 1042 (Miss.1983).
In the previous trial, the chancellor established the actual location of the street and that ownership had reverted to D. L. Spruill, the abutting landowners, by operation of law.
In this case, the chancellor’s summary judgment determination, as to the location of the abandoned street, was tantamount to the chancellor’s determination in the previous case. Here, the chancellor established, in his summary judgment decree, the location of the abandoned street to be as follows:
Commence at the Southeast Corner of the Exxon Refining Company, Lot No. 2, Block 80-D as shown on the 1974 Official Property Map of the City of Starkville, Mississippi, and run North 48° 00' East a distance of 84.9 feet to the East boundary of the Avenue of Patriots and use as the Point of Beginning.
Thence continue North 48° 00' East a distance of 230.6 feet to a point on the South boundary of “New Whitfield Street”; thence run North 68° 31' East along the South right-of-way of “New Whitfield Street” a distance of 76.0 feet to the centerline of “Old Whitfield Street”; thence run South 47° 08' West *1131 along the centerline of Old Whitfield Street a distance of 220.2 feet; thence run South 43° 45' East a distance of 30.1 feet; thence run South 46° 15' West a distance of 18 feet; thence run in a Westerly direction along the North right-of-way of Mississippi Highway No. 12 a distance of 66.1 feet; thence run North 42° 00' West a distance of 45.9 feet to the Point of Beginning.
The chancellor ruled that on the date of the abandonment of Old Whitfield Street, Edward Ballard and Richard Hudspeth, L. E. Spruill’s predecessors in title, were the sole adjacent landowners to Tracts 3 and 4, and joint adjacent landowners to Tracts 1 and 2 with D. L. Spruill. All the property owned by the Raines has always been located to the North of Whitfield Street contrary to what they claim.
II.
The Raines have proffered several statements of issues for appeal. They challenge the chancellor’s denial of discovery, the chancellor’s denial of numerous post-hearing motions, the subject matter and in per-sonam jurisdiction of the chancery court, and the propriety of the chancellor granting summary judgment. Several of the Raines’ issues are without merit and need not be addressed. Also, the Raines’ statement of issues asserting the chancellor erred in granting summary judgment based on res judicata and collateral estoppel will not be addressed, in that we are of the opinion that summary judgment in favor of L. E. Spruill was appropriate because there was no genuine issue of material fact as to the legal description Old Whitfield Street abandoned by the city.
The question presented here is whether this ease was a proper one for entry of summary judgment by the chancellor. This Court conducts de novo review of the lower court’s grant of summary judgment. The general standard that an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial court initially under Rule 56 of the Mississippi Rules of Civil Procedure. Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61, 63 (Miss.1988); Pearl River County Board of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss.1984).
The trial court, in considering the motion, must view all the evidence in the light most favorable to the nonmovant; and if the moving party is entitled to,judgment as a matter of law, the motion should be granted, otherwise it should be denied. Sanford v. Federated Guaranty Insurance Co., 522 So.2d 214 (Miss.1988); Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983).
The Raines assert, in this appeal, that a number of fact issues were raised by counter-affidavits submitted for the summary judgment hearing. Assuming this to be true, summary judgment is still proper if fact issues are raised and none of them are material. Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc., 519 So.2d 413 (Miss.1988).
Here, the only “material” fact issue being applicable was the location of abandoned Old Whitfield Street because of Mississippi substantive law that the abutting landowner acquires the abandoned property. In order for the Raines to have defeated the summary judgment motion, it was obligatory for them to respond to the motion with facts showing that a genuine issue of material fact existed concerning the location of Old Whitfield Street.
After a careful reading of the record it is clear that the Raines have failed to produce any evidence that raised a fact issue as to the location of the abandoned street. Accordingly, in applying the above standard, we find that summary judgment was proper based on the evidence presented by L. E. Spruill for summary judgment.
AFFIRMED,
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
PRATHER, J., not participating.