665 So.2d 833 (1995)
Jack L. WESTBROOK, Jr., Individually and as Executor of the Estate of Thelma P. Westbrook, Deceased, and Cambridge Mutual Fire Insurance Company
v.
CITY OF JACKSON, Mississippi; Russell C. Davis, Dale Danks, Jr., and Kane Ditto, Individually and in Their Official Capacities as Mayor or Former Mayors of the City of Jackson, Mississippi; Thomas B. Kelly, Edward L. Cates, Douglas W. Shanks, Nielsen H. Cochran, Fred C. Johnson, Luther L. Roan, Jr., and George Porter, Individually and in Their Official Capacities as Former City Commissioners of the City of Jackson, Mississippi; Louis E. Armstrong, Margaret C. Barrett, Derwood R. Boyles, E.C. Foster, Luther L. Roan, Jr., Doris P. Smith, Marcia Weaver, and Kenneth I. Stokes, Individually and in Their Official Capacities as Members or Former Members of the City Council for the City of Jackson, Mississippi.
No. 92-CA-00382-SCT.
Supreme Court of Mississippi.
September 14, 1995.
Rehearing Denied December 21, 1995.
*835 Paul Roger Googe, Jr., Gerald & Brand, L. Pepper Cossar, Markow Walker Reeves & Anderson, Jackson, for appellant.
Michele M. Purvis, Terry Wallace, William A. Gowan, Jr., Jackson, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
This opinion addresses principally the issue of a city's claim of sovereign immunity in the providing of water for fire protection within the city, and the assertion that the city had waived its immunity through the maintenance of a claims fund. Thelma Westbrook's home burned, allegedly from lack of water for fire protection, and her estate sued the City of Jackson for damages. The trial court granted a M.R.C.P. 12(b)(6) motion to dismiss or alternatively a M.R.C.P. 56 motion for summary judgment, from which Westbrook appeals, asserting the following grounds:
1) WHETHER UNDER THESE CIRCUMSTANCES THE CITY OF JACKSON'S ACTS ARE PROPRIETARY OR GOVERNMENTAL UNDER MUNICIPAL SOVEREIGN IMMUNITY; WHETHER THE CITY'S OFFICIALS ARE PROTECTED BY QUALIFIED IMMUNITY; AND WHETHER SOVEREIGN IMMUNITY VIOLATES STATE OR FEDERAL CONSTITUTIONAL PRINCIPLES.
2) WHETHER THE CLAIMS FUND IS A WAIVER OF SOVEREIGN IMMUNITY, AND WHETHER ITS OPERATION IS A VIOLATION OF STATE OR FEDERAL CONSTITUTIONAL GUARANTEES.

II. STATEMENT OF THE FACTS
In 1971, the City of Jackson annexed an area which included a home owned by Thelma Westbrook. In the agreed annexation order, the chancellor directed the City of Jackson to provide the proper level of municipal services, including fire protection. The enabling ordinance proposed for the annexation stated that the City of Jackson would install any water lines within five years of the annexation, "where necessary and economically feasible." The City of Jackson determined that the cost in materials alone to provide fire protection through a water line and main, with domestic water through a water line to the Westbrook property, would be $32,100. Mayor Dale Danks and George Porter, a city commissioner, addressed Mrs. Westbrook's concerns, and stated that the City of Jackson regretted not providing that service because of the cost.
On February 12, 1989, the Westbrook home burned. The fire report noted that the house was a total loss, and that water supply would prevent a possible loss to nearby homes in the future. The fire report also stated that the closest water source was 1000 feet away, with the closest fire main being over 1/2 of a mile away. A later calculation determined the nearest fire main was 7/10 of a mile away. The fire investigator's report noted that the fire department had begun to suppress the flames when they ran out of water. The fire investigator's report concluded that the delayed response and shortage of water caused the fire to destroy the home. The Chief of the Jackson Fire Department stated that the lack of water was a problem in controlling the fire. The investigator's report estimated the loss at $550,000. A later estimate calculated losses at $715,560.
Charles Westbrook became the executor of the Westbrook estate after Thelma Westbrook's death. Westbrook filed suit, alleging that the City of Jackson had failed to provide water line extensions for fire protection to the Westbrook property. Cambridge Mutual Fire Insurance Company, the insurer of the *836 Westbrooks' home, joined in this suit to recoup its insurance payment of $300,000 to the Westbrooks. The City of Jackson denied having failed its duty to carry out the terms of the annexation, contending that it was economically infeasible to provide the water lines. Also, the City of Jackson denied that it failed to provide municipal level fire service to the Westbrook property, contending the city provided fire trucks which responded to the fire call.
Westbrook asserts that the city maintains a claims fund from which claims made against the city are paid. Westbrook attempted to remove his action to federal court, since his complaint alleged federal causes of action in addition to supplemental state causes. The federal court dismissed the federal law causes of action, and remanded the remaining causes to the state court. Westbrook v. City of Jackson, 772 F. Supp. 932, 935-43 (S.D.Miss. 1991).
The City of Jackson made a M.R.C.P. 12(b)(6) motion to dismiss this case, asserting immunity from suit for both the municipality and its officers. The trial court judge granted the motion on sovereign immunity grounds against both the City of Jackson and its officials. The trial court also found no waiver of immunity.

III. ANALYSIS

Standard of Review
This action is reviewed as a M.R.C.P. 56 summary judgment motion, despite Westbrook's assertions of error indicating this appeal is from a M.R.C.P. 12(b)(6) motion to dismiss judgment. Both M.R.C.P. 12(b) and M.R.C.P. 12(c), when dealing with judgment on the pleadings, state if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." There are over 400 pages in the court papers in this case, including the responses to interrogatories and other supporting documents. As several courts hold that the responses of interrogatories and other discovery tools constitute matters presented outside the pleadings, this matter is appropriate for summary judgment. Storey v. United States, 629 F. Supp. 1174, 1180 (N.D.Miss. 1986); Calacino v. McCutcheon, 177 W. Va. 684, 356 S.E.2d 23, 24 n. 1 (1987); see Walton v. Bourgeois, 512 So.2d 698, 700 (Miss. 1987).
This Court employs a de novo review on grants of summary judgment. Owen v. Pringle, 621 So.2d 668, 670 (Miss. 1993). The trial court must review the evidence in a means most favorable to the nonmoving party. Sanford v. Federated Guaranty Ins. Co., 522 So.2d 214, 217 (Miss. 1988). Only if the moving party "is entitled to summary judgment as a matter of law," should the trial court grant summary judgment. Sanford, 522 So.2d at 217; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 214 (1986).

1) WHETHER UNDER THESE CIRCUMSTANCES THE CITY OF JACKSON'S ACTS ARE PROPRIETARY OR GOVERNMENTAL UNDER MUNICIPAL SOVEREIGN IMMUNITY; WHETHER THE CITY'S OFFICIALS ARE PROTECTED BY QUALIFIED IMMUNITY; AND WHETHER SOVEREIGN IMMUNITY VIOLATES STATE OR FEDERAL CONSTITUTIONAL PRINCIPLES.

A.
Sovereign immunity cloaks all governmental functions a city performs. Webb v. Jackson, 583 So.2d 946, 952 (Miss. 1991). This Court defines governmental functions as those which the city is required to undertake. Anderson v. Jackson Mun. Airport Auth., 419 So.2d 1010, 1014 (Miss. 1982).[1]
*837 This Court has determined that the operation of a fire department is a governmental function. Jones v. City of Amory, 184 Miss. 161, 167, 185 So. 237, 238 (1939); City of Hattiesburg v. Geigor, 118 Miss. 676, 685, 79 So. 846, 847 (1918). More specifically, this Court has determined that the supply of water to combat fires, and fire fighting in general, is a governmental function. City of Columbus v. McIlwain, 205 Miss. 473, 487, 38 So.2d 921, 923 (1949). This principle holds regardless of whether the same supply provides drinking water, which is a proprietary activity. City of Columbus, 205 Miss. at 487, 38 So.2d at 923. In Mississippi, the governmental/proprietary distinction for cities still exists. As a result, Mississippi maintains sovereign immunity for its municipalities' fire protection, since governmental function immunity still protects that service.
Westbrook also raises the question of a city losing sovereign immunity through negligence per se.[2]Wall v. City of Gulfport, 252 So.2d 891, 893 (Miss. 1971), stands for the proposition that a city's failure to follow its own ordinance may convert a governmental function into a proprietary action. The City of Gulfport was made liable because the ordinance specifically directed the city to place a traffic control light or sign at a certain spot, which it failed to do. Wall, 252 So.2d at 893. The annexation ordinance in this case is distinguishable, because it does not require the specific placement of water lines or mains in a certain point. Negligence per se is not applicable here.

B.
The next question is whether the City of Jackson's officers have immunity in this case. Governmental officers are immune from personal liability if the decision to provide water lines to a property, or certain aspects of fire protection to a property, is a discretionary matter involving "public policy decisions." Sullivan v. Sumrall, 618 So.2d 1274, 1276 (Miss. 1993).
Westbrook argues that the annexation ordinance required the City of Jackson to provide municipal level fire protection, making its provision ministerial in nature, as there was no choice but to provide that protection. Furthermore, Westbrook asserts that the City of Jackson's failure to provide service in the face of this ordinance was an intentional tort. Either assertion would serve to remove the public officials' qualified immunity. Grantham v. Department of Corrections, 522 So.2d 219, 225 (Miss. 1988).
Westbrook's problem is that the annexation ordinance does not require the installation of water lines to his house. The ordinance reads: "That the City of Jackson shall ... [i]stall water lines, sewer lines and street lighting where necessary and economically feasible." (emphasis added). Furthermore, the ordinance, even though it mandates fire protection, does not require the City of Jackson to install water lines to Westbrook's property for fire protection.
The very fact that the City of Jackson had the option to determine the placement of water lines on grounds of feasibility makes this action a discretionary process. See Poyner v. Gilmore, 171 Miss. 859, 865, 158 So. 922, 923 (1935). The question of feasibility involves an assessment of the optimum allocation of resources and is therefore, a question addressed to the discussion of the officials involved. Moreover, the ordinance's mandate of fire protection does not specify what constitutes adequate fire protection. The City of Jackson's fire units responded to this call. Because the ordinance does not specifically designate the conditions for provision of fire protection, the function of determining how to provide fire service to an area is discretionary, barring personal liability for that role. Poyner, 171 Miss. at 865, 158 So. at 923.

*838 C.
The next question involves whether the principle of sovereign immunity is unconstitutional. This Court has held that sovereign immunity does not protect a political subdivision where the individual's constitutional rights have been violated. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990). On this issue, the Court reviews constitutional claims arising from the provision of fire service itself. First, the federal claims, and then the state claims, are examined.
Judge Tom S. Lee addressed the federal issues in this litigation. Westbrook v. City of Jackson, 772 F. Supp. 932, 935-43 (S.D.Miss. 1991).[3] It is clear that Westbrook does not have a federally protected property interest in fire protection by a city. Jackson v. Byrne, 738 F.2d 1443, 1446 (7th Cir.1984). The United States Supreme Court recognized this point when it stated, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Social Serv., 489 U.S. 189, 196, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249, 259 (1989).
As for equal protection, Westbrook's claim must be scrutinized under a rational basis test, since he does not allege either that he is a member of a suspect class, or that a fundamental right is violated. Heller v. Doe, 509 U.S. 312, ___, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257, 270 (1993). Westbrook must demonstrate that the City of Jackson's choices in providing protection were unreasonable. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161-1162, 25 L.Ed.2d 491, 501-502 (1970).
A state may confer benefits on some and not others under equal protection, "so long as its decision is rational." Doe v. Gaughan, 808 F.2d 871, 883 (1st Cir.1986). In apportioning limited resources, governments "need not provide the same level of benefits to all recipients." Baker v. City of Concord, 916 F.2d 744, 748 (1st Cir.1990). Westbrook fails to show the City of Jackson's provision of fire service was irrational since the demonstration of infeasibleness in providing water lines, absent significant cost, is a legitimate reason not to run a line into Westbrook's home. Baker, 916 F.2d at 748. The next section reviews whether this case involves a violation of the state constitution.
This Court has not determined whether an individual has a protected property interest in police and fire protection sufficient to trigger state due process analysis. This Court has held that an individual has a protected property interest in electrical power. Tucker v. Hinds County, 558 So.2d 869, 873 (Miss. 1990). However, more generally, this Court finds persuasive the federal court's interpretation of due process analysis, since the Tucker Court stated that both the state and federal due process clauses "contain the same guarantee." Tucker, 558 So.2d at 873.
Federal due process interests in property arise only from an independent source, such as state law statutory guarantees. Once found, the analysis shifts to whether the interest is constitutionally protected. Memphis Light, Gas and Water Div. v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30, 39 (1978). Where a plaintiff fails to show a property interest through an independent source, due process considerations are not implicated. Reedy v. Mullins, 456 F. Supp. 955, 957-58 (W.D.Va. 1978).
Westbrook has failed to demonstrate how the annexation ordinance, granting municipal level fire protection, gave him a property interest. The ordinance did not extend that protection to Westbrook personally. General guarantees of fire protection do not create protected property rights for an individual. Coffman v. Wilson Police Dept., 739 F. Supp. 257, 265 (E.D.Pa. 1990). Since Westbrook's only state law ground is the ordinance, which did not personally guarantee a water line to his property, no property interest *839 arises under the United States or Mississippi Constitutions regarding due process.
Applying similar logic to state equal protection rights, this Court holds that under the rational basis test, Westbrook fails to demonstrate how the City of Jackson's use of financial costs, as a criteria for the location of water lines, violates equal protection guarantees. Townsend v. Estate of Gilbert, 616 So.2d 333, 337 (Miss. 1993).

2) WHETHER THE CLAIMS FUND IS A WAIVER OF SOVEREIGN IMMUNITY, AND WHETHER ITS OPERATION IS A VIOLATION OF STATE OR FEDERAL CONSTITUTIONAL GUARANTEES.
Miss. Code Ann. § 21-15-6 (Supp. 1988) allows a city to purchase general liability insurance, and waive sovereign immunity to the limit of the insurance's coverage. The City of Jackson maintained a general fund of one million dollars to pay claims against the City of Jackson. There are several assertions of error on this issue.
This Court has foreclosed the argument that self-insurance constitutes a city's waiver of sovereign immunity under Miss. Code Ann. § 21-15-6. Morgan v. City of Ruleville, 627 So.2d 275, 281 (Miss. 1993). However, our caselaw deals with a municipality's participation in the Mississippi Municipality Liability Plan. See Morgan, 627 So.2d at 281. The Morgan Court was clearly able to determine the purpose of the organization and its operation from the record established. Id. at 280-81. The organization's purpose stated that it was not meant to waive any applicable municipal immunity towards either the cities itself, or their employees. Id. at 281. See also Womble v. Singing River Hospital, 618 So.2d 1252 (Miss. 1993).
In contrast, the City of Jackson has only admitted that this fund exists, it is worth $1,000,000, and it is used by the City of Jackson to pay claims for injuries, damages, and other losses. The City of Jackson has refused to admit that it is self-insured. Given the distinct difference in the development of the record between Morgan and this case, this Court cannot state that the City of Jackson's claims fund is the equivalent of a city's participation in the Mississippi Municipality Liability Plan, for purposes of preserving sovereign immunity for the City of Jackson. With more information, such as a set of guidelines, or by-laws, or a set of standard operating procedures, the trial court, and this Court could evaluate this question more effectively.
This Court has long stated that equitable estoppel is available for individuals against municipalities. Witherspoon v. City of Meridian, 69 Miss. 288, 295, 13 So. 843, 844 (1891). Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party. Izard v. Mikell, 173 Miss. 770, 774, 163 So. 498, 499 (1935). Westbrook does not maintain that he continued to own and occupy the property after its annexation, relying on the City of Jackson's claims fund to reimburse his losses in the event of a fire. Since Westbrook did not claim reliance on the claims fund, any estoppel argument must fail.
Westbrook makes a claim that the Remedy Clause of the Mississippi Constitution[4] requires equal access to the claims fund. This Court has recently held that since there was no right to sue the state under sovereign immunity when the Remedy Clause was adopted, the Remedy Clause is not generally violated by the principle of sovereign immunity. Robinson v. Stewart, 655 So.2d 866, 869 (Miss. 1995). Sovereign immunity is not waived through self-insurance. Morgan, 627 So.2d at 281. Therefore, if the City of Jackson's maintenance of this claims fund is determined to be self-insurance upon further development of the record, sovereign immunity would still bar recovery.
Westbrook makes a claim that his due process rights were violated through the City of Jackson's selective payment of claims to some parties from the fund, but not others. This record is insufficient to determine what procedures were required for review of a claim under the City of Jackson's claims fund. As a result, it is impossible to discern *840 whether Westbrook had a property interest in review of his claim, which is necessary for a due process review. Memphis Light, Gas and Water Div. v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30, 39 (1978). This Court reverses and remands this case for development of the record, to determine what, if any, property interest arose from the procedures used in administering the claims fund.
The equal protection claim, regarding the City of Jackson's administration of its claims fund, is also an unanswered question. Westbrook does not allege suspect class discrimination, but discrimination only between those homeowners in his annexed area and those residents of Jackson with water lines. Without suspect criteria, a rational basis test is used. Madison v. Mississippi Medicaid Comm'n, 86 F.R.D. 178, 184 (N.D.Miss. 1980). The rational basis test requires a government to show that the act or policy is a rational means of achieving a legitimate government interest. Townsend v. Estate of Gilbert, 616 So.2d 333, 337 (Miss. 1993).
The City of Jackson has failed to demonstrate how its fund's operation is a rational means to the end, since there is no information in the record to establish guidelines for the determination of who receives benefits, or does not receive benefits under the fund. This Court reverses and remands this judgment to develop the record. The record made should contain specific procedures used by the City of Jackson to determine which claims are worthy of compensation. Only then can this Court determine if the City of Jackson's operation of the claims fund survives Equal Protection scrutiny.

IV. CONCLUSION
Sovereign immunity cloaks both the officials and the City of Jackson for any inadequacies in water service for fire protection. This sovereign immunity survives both state and federal constitutional analysis. However, the claims fund issue is inadequately developed, a motion for summary judgment, under these facts, is precluded. This Court reverses and remands for the trial court's development of this record, and determination of the unanswered issues.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
BANKS and McRAE, JJ., concur in result only.
NOTES
[1] This Court is interpreting the law as it existed in 1989, before our decision in Presley v. Mississippi State Highway Comm'n, 608 So.2d 1288, 1296 (Miss. 1992), which declared Miss. Code Ann. § 11-46-6 unconstitutional. The enactment of Miss. Code Ann. § 11-46-6 barred other sections of the state's sovereign immunity law from functioning during its period of effectiveness, before Presley. Morgan v. City of Ruleville, 627 So.2d 275, 278 (Miss. 1993). See also, Coplin v. Francis, 631 So.2d 752 (Miss. 1994). As a result, this Court does not review other sections of our state's sovereign immunity law, such as Miss. Code Ann. § 11-46-9(c) and (g) (Supp. 1995.), which could bar this claim. This Court does not express an opinion as to the constitutionality of any part of the state's sovereign immunity law post-Presley in this case, as that law does not concern this appeal.
[2] Westbrook cites City of Jackson v. Rickard as authority for his proposition. City of Jackson v. Rickard, No. 89-CA-00443 (Miss. unpublished) (denial of rehearing found on 561 So.2d 1036). As unpublished authority, this Court cannot rely upon its precedent.
[3] As the federal case addressed the federal substantive causes of action, Westbrook's federal claims could have been subject to res judicata. However, "[s]ince res judicata is an affirmative defense, it is waived if not timely pled." Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc., 598 So.2d 778, 779 (Miss. 1992).
[4] Miss. Const. art. III, § 24.