## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01909-SCT

*JACK L. WESTBROOK, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF THELMA P. WESTBROOK, DECEASED AND CAMBRIDGE MUTUAL INSURANCE COMPANY*

*v.*

*CITY OF JACKSON, MISSISSIPPI, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/7/2000 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ROGER GOOGE |
| ATTORNEY FOR APPELLEES: | J. ANTHONY WILLIAMS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/10/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/31/2002 |

**BEFORE McRAE, P.J., AND DIAZ AND EASLEY, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1. On September 14, 1995, this Court affirmed in part and reversed and remanded in part a summary judgment dismissing this lawsuit by the estate of a deceased homeowner and her insurer against the City of Jackson for the loss of a home by fire damage as a result of the lack of water for fire protection. *Westbrook v. City of Jackson*, 665 So.2d 833 (Miss. 1995). This Court directed the trial court to develop a record of what procedures, if any, were used by the City of Jackson (the City) to determine which claims filed against the City would be compensated and which claims would be excluded. *Id*. at 840. This Court further instructed the trial court to determine if the City's Claims Fund is the equivalent to the City's participation in the Mississippi Municipal Liability Program for purposes of preserving the City's sovereign immunity. *Id*. at 839.

¶2. On remand, the circuit court found that the city did not waive its sovereign immunity by maintaining the

Claims Fund, and furthermore, there was no violation of equal protection by maintaining the Claims Fund.

## FACTS

¶3. In the original appeal, this Court set out the following facts:

> In 1971, the City of Jackson annexed an area which included a home owned by Thelma Westbrook. In the agreed annexation order, the chancellor directed the City of Jackson to provided the proper level of municipal services, including fire protection. The enabling ordinance proposed for the annexation stated that the City of Jackson would install any water lines within five years of the annexation, "where necessary and economically feasible." The City of Jackson determined that the cost in materials alone to provide fire protection through a water line and main, with domestic water through a water line to the Westbrook property would be $32,000...
>
> On February 12, 1989, the Westbrook home burned. The fire report noted that the house was a total loss, and that water supply would prevent possible loss to nearby homes in the future. The fire report also stated that the closest water source was 1000 feet away, with the closest fire main being over ½ of a mile away. A later calculation determined the nearest fire main was 7/10 of a mile away.... The investigator's report concluded that the delayed response and shortage of water caused the fire to destroy the home. The Chief of the Jackson Fire Department stated that the lack of water was a problem in controlling the fire. The investigator's report estimated the loss at $550,000. A later estimate calculated losses at $715,560.
>
> Charles Westbrook (Westbrook) became the executor of the Westbrook estate after Thelma Westbrook's death. Westbrook filed suit, alleging that the City of Jackson had failed to provide water line extensions for fire protection to the Westbrook property. Cambridge Mutual Fire Insurance Company (Cambridge), the insurer of the Westbrook's home, joined in this suit to recoup its insurance payment of $300,000 to the Westbrooks. The City of Jackson denied having failed its duty to carry out the terms of the annexation, contending that it was economically infeasible to provide the water lines. Also, the City of Jackson denied that it failed to provide municipal level fire service to the Westbrook property, contending the city provided fire trucks which responded to the fire call.

*Westbrook*, 665 So.2d at 835-36.

¶4. The case was remanded to the circuit court. The matter was tried, and a verdict was rendered in favor of the City. Westbrook and Cambridge contended at trial that the City operated a taxpayer funded $1,000,000 Claims Fund without any guidelines, rules or procedures thereby waiving any sovereign immunity that the City may have had. They further contended that the maintenance of the City's Claims Fund did not pass equal protection muster.

¶5. Kane Ditto (Mayor Ditto) was sworn in as Mayor of Jackson on July 3, 1989. Westbrook filed his claim on October 16, 1989. Mayor Ditto testified that at the time the Westbrook claim was made the City did not maintain a policy of general liability insurance, that claims that were filed with the City were looked at on a case-by-case basis, and that it was generally the City's Legal Department that examined a claim to determine whether the city was exempt from paying a claim by reason of sovereign immunity or some other legal reason. Even though the City's Legal Department could recommend not paying a claim, Mayor Ditto testified that a claim could nevertheless be paid by the City Council. Mayor Ditto further testified that the

City was not a member of the Mississippi Municipal Liability Association and that when a claim was filed with the City, it could be ultimately passed and approved for payment based upon the recommendation and the vote of the City Council regardless of the Legal Department's recommendation.

¶6. Dale Danks (Mayor Danks), who was Mayor of the City in 1989 when the Westbrook home burned, testified that the Claims Fund that was earmarked to handle claims presented to the City for payment contained from $750,000 to $1,000,000 each year. Mayor Danks testified that claims that were presented to the City for payment under his administration were generally presented to the Legal Department and that the Legal Department's function was to evaluate the claim and determine whether there were immunity defenses and whether in the Legal Department's opinion the City had liability. Mayor Danks testified that after the Legal Department had made its determination a claim would then be presented to the City Council along with the recommendation of the Legal Department. Mayor Danks then testified that there were times that the City Council voted to pay a claim even though the Legal Department recommended that a claim not be paid because of sovereign immunity.

¶7. The trial court determined that there was no violation of equal protection by the maintenance of the Claims Fund and that by maintaining the Claims Fund the City did not waive its sovereign immunity. It is from these determinations that Westbrook appeals raising the following issues:

> **I. Whether the City's maintenance and operation of the Claims Fund preserved the City's sovereign immunity; and**
>
> **II. Whether the City's operation of the Claims Fund survives equal protection scrutiny.**

## DISCUSSION

### I. Sovereign Immunity

¶8. Westbrook argues that the City's maintenance of a Claims Fund without any guidelines, criteria or other directives for the payment of claims constitutes a waiver of sovereign immunity. Presenting an argument of first impression to this Court without citing any authority from other jurisdictions, Westbrook contends that the City's payment of any claim out of the Claims Fund that would have been barred by sovereign immunity would waive sovereign immunity on every other claim presented to the City, including Westbrook's claim.

¶9. The City cites this Court's decisions in *Perry* and *Westbrook* in support of its position that sovereign immunity bars Westbrook's claim. *Perry v. Nationwide Ins. Co.*, 700 So.2d 600, 601 (Miss. 1997); *Westbrook*, 665 So.2d at 830. In *Perry*, this Court addressed "whether a plan of self-insurance is 'insurance' for the purpose of determining whether a tortfeasor is an 'uninsured' motorist under the terms of our Uninsured Motorists Act." *Perry*, 700 So.2d at 601. This Court determined that it was not. *Id*. Therefore, in *Perry*, this Court determined that the City of Jackson's self-insurance was not "liability insurance" under the Uninsured Motorist Act. *Id*. at 600.

¶10. Furthermore, this Court stated in Westbrook's original appeal that "sovereign immunity is not waived through self-insurance." *Westbrook*, 665 So.2d at 839. *See Morgan v. City of Ruleville*, 627 So.2d 275, 281 (Miss. 1993). Upon remand, the trial court determined that the City's Claims Fund amounted to self-insurance.

¶11. We find that Westbrook's argument is without merit. As the City's Claims Fund amounts to the City's

self-insurance, the City's sovereign immunity is not waived, and Westbrook's claim must fail as barred by sovereign immunity.

## II. Equal Protection

¶12. Westbrook argues that the City's Claims Fund violates the equal protection of the laws afforded by the fourteenth amendment to secure every person within the state's jurisdiction against intentional and arbitrary discrimination. As Westbrook's claim is properly barred by sovereign immunity, we find that this issue is without merit. However, Westbrook's argument will be briefly reviewed.

¶13. Westbrook acknowledges that the equal protection clause does not require that all individuals be treated the same as long as there exists a rational reason for the disparity in treatment. *See Board of Trustees v. Garrett*, 531 U.S. 356, 366-67, 121 S. Ct. 955, 963-64, 148 L.Ed.2d 866 (2001); *Mosby v. Moore*, 716 So.2d 551, 555-56 (Miss. 1998); *Westbrook*, 665 So.2d at 840. However, Westbrook's brief does not set out any evidence of any similarly situated individuals who were compensated by the Claims Fund. No such evidence was submitted to the jury. Without such evidence, this Court has no basis to set aside the trial court's decision that the City did not deprive Westbrook of equal protection of the laws. As the jury's verdict is not "against the credible testimony," we find that the decision rendered by the trial court in favor of the City should stand. *See Downtown Grill, Inc. v. Connell*, 721 So.2d 1113, 1117 (Miss. 1998).

## CONCLUSION

¶14. The City's maintenance and operation of the Claims Fund did not waive the City's sovereign immunity or violate Westbrook's equal protection rights. For the foregoing reasons, the trial court's judgment is affirmed.

¶15. **AFFIRMED.**

**PITTMAN, C.J., DIAZ AND CARLSON, JJ., CONCUR. McRAE AND SMITH, P.JJ., AND COBB, J., CONCUR IN RESULT ONLY. WALLER AND GRAVES, JJ., NOT PARTICIPATING.**