MAUPIN *v.* DENNIS

No. 43524 May 10, 1965 175 So. 2d 130

*Dabney & Dabney,* Vicksburg, for appellant.

498

*Prewitt, Bullard & Braddock,* Vicksburg, for appellee.

ETHRIDGE, J.

William D. Dennis, appellee, brought this suit in the Circuit Court of Warren County against Edgar R. Maupin, appellant, for property damages resulting from Maupin driving into Dennis's parked automobile. Judgment was rendered for Dennis, based upon a jury verdict of $750. We affirm on liability, hold that punitive damages were not allowable, and render judgment here for appellee for compensatory damages only.

South Street in Vicksburg runs east and west and is 30 feet wide. Dennis's car was parked next to the curb on the north side of the street headed west. On the south, a Rambler automobile was parked next to the curb facing east. Around 8:45 p.m. Maupin, age 16 years, was driving east on South Street behind a station wagon driven by a young man named Thorne. As Thorne approached the parked Rambler, on the south side, he pulled to his left to drive around it. At the same time Maupin was beginning to pass Thorne's vehicle, which was picking up speed. Maupin accelerated his car and continued to pass Thorne. He drove on his left side of the street, and accelerated to a speed of 45 to 50 miles an hour. Trying to get around Thorne in this way, Maupin's car hit the side of the parked Dennis vehicle, then struck Thorne's station wagon, and proceeded down the street for a block and a half before turning around and returning. Maupin admitted that he did not see the parked Rambler on the south side until Thorne pulled out to drive around it.

 The jury was warranted in finding that Maupin was negligent by driving at an excessive rate of speed, and failing to keep his car under reasonable control and a proper lookout, and that such negligence was a contributing proximate cause of the damages to plaintiff's automobile. Although Thorne may have been negligent also, the triers of fact were justified in concluding he was not the sole proximate cause of plaintiff's damages.

 However, the trial court erred in submitting to the jury punitive damages. They are ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard of the safety of others. Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461 (1952); The Greyhound Corp. v. Townsend, 234 Miss. 839, 846, 108 So. 2d 208 (1959). The conduct of Maupin did not indicate any willful or wanton disregard for the

safety or property of others, but simply negligence in failing to exercise due care in the operation of his car.

The actual and necessary cost of repairing Dennis's vehicle was $206.67. Appellee was deprived of the use of his car for twelve days, and he rented a substitute for that period at a cost of $124.80. The evidence on loss of use supports this figure. Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So. 2d 924 (Miss. 1964). Hence total compensatory damages suffered by Dennis were $331.47, for which judgment will be rendered here for appellee.

Process by publication under the nonresident motorist statute was sought to be had upon Maupin. At the time of the accident he was a resident of Mississippi. When he filed his answer he was a nonresident of this state, living in Louisiana. Cf. Miss. Laws 1958, ch. 262, being Miss. Code Ann. § 9352-61 (1952); Miss. Laws 1964, ch. 376. It is argued that the 1958 statute, applicable to the present facts, did not extend to a motorist who was a resident of this state and subsequently moved elsewhere. However, we do not reach the question of jurisdiction, because appellant waived it. ▆▆ He made no special appearance to question in personam jurisdiction, and he appeared at the trial and testified. Mladinich v. Kohn, 250 Miss. 138, 164 So. 2d 785 (Miss. 1964). ▆▆ If a defendant enters an appearance in a proceeding in personam without limiting the purposes for which he appears, it is a general appearance. Restatement, Judgments § 19 (1942); 21 C.J.S. Courts § 109 (1940).

In summary, the judgment of the circuit court is affirmed as to liability, reversed on the amount of damages, and judgment rendered here for appellee Dennis for his compensatory damages only, in the sum of $331.47.

Affirmed in part, reversed in part, and judgment rendered for appellee's compensatory damages only.

*Lee, C. J., and Gillespie, Patterson and Inzer, JJ.,* concur.