BRADY, Justice:
This is an appeal from the Circuit Court of the First Circuit Court District of Hinds County, Mississippi, wherein a verdict of $2,000 -was rendered on behalf of the appellant, Mrs. Lamar Mayfield. The appellant prosecutes this appeal from the judgment in her favor. The controlling facts in this case are as follows.
On July 25, 1965, at approximately 7:20 P.M., the appellant was returning home from a church training union meeting. The appellant lives approximately one-fourth mile west of the boundaries of the city of Jackson on Hickory Road, which turns almost due south off Highway 18 which runs from Jackson to Raymond, Mississippi. The road inclines somewhat downward to the west. The appellant was traveling in a westerly direction and when she reached the intersection of Highway 18 and Hickory Road she brought her car to a stop. She was driving a Rambler station wagon. She had paused in the right lane proceeding west and had turned her blinker light on indicating a left turn to the south. Appellee also was traveling in a westerly direction. The speed limit at this point on the highway is marked forty miles per hour. Appellant was waiting for three or four cars which were traveling in an easterly direction to pass in order that she might make the left turn and go to her home which is situated approximately a hundred and fifty feet from the intersection of the two roads. While she was parked the appellee drove his automobile into the rear of appellant’s station wagon.
*631 The proof shows that by the application of his brakes the appellee’s car skidded approximately eighty-one feet before striking appellant’s station wagon. Appellant’s station wagon rolled approximately eighty-four feet, still in the west-bound lane of traffic. The patrolman, William Marvin Jones, who arrived at the scene shortly thereafter, testified that appellee admitted it was his fault, that he wasn’t paying attention to his driving. The proof shows that the metal hinges of the seat upon which appellant was sitting were broken, permitting the back of the seat to fall, causing her to be thrown in a prone position in the back of her station wagon. The appellant testified that she applied her brakes but that when the back of the seat broke apparently she was unable to make any application of the brakes and her car was knocked and rolled forward the said distance of eighty-four feet. The damage caused to appellant’s car amounted to $250.
Appellant was taken to the hospital shortly after the wreck where she was met by her family physician who referred her to an orthopedic surgeon. This specialist testified that she suffered no permanent injuries but that the wreck had aggravated a preexisting disk disease in her neck. Because of this previous condition, he testified, the pain produced by the aggravation would be slow in subsiding.
The doctor testified that at the time of the trial the appellant had completely recovered from all injuries and effects of the collision. Appellant’s medical expenses incidental to the wreck amounted to $210.48. These medical expenses and appellant’s automobile repair costs totaled $460.48.
At the conclusion of appellant’s testimony the circuit court granted a peremptory instruction to the appellee denying appellant the right to recover for punitive damages. While there are five assignments of error urged in this cause, nevertheless all issues presented to this Court can be resolved by determining the one basic question presented, namely: Was the negligence of the appellee such as to merit the submission to the jury of the question of whether punitive damages should be permitted ?
There can be no doubt that the ap-pellee did not keep a proper lookout and have his car under control so as to avoid striking the rear end of appellant’s station wagon. There is little doubt that the appel-lee was operating his motor vehicle at a speed in excess of the forty mile per hour regulation. We have carefully studied the authorities cited by the appellant in her contention that the acts of the appellee constituted gross, willful negligence tantamount to a total disregard for the safety of not only the appellant but also other persons utilizing Highway 18 and we fail to find authority which controls under the facts of this case. Perrett v. Johnson, 253 Miss. 194, 175 So.2d 497 (1965), cited by appellant does deal with a rear-end collision but the facts of that case distinguish it so clearly from the case at bar that we do not feel that the rule of law therein has application here. We cannot say that because the appellee put down skid marks on the hard surface road by the application of his brakes which extended eighty-one feet or approximately five car lengths, and the fact that he did not keep a sharp lookout, coupled with the fact that the appellant’s station wagon was struck and rolled a distance of eighty-four feet or more than five car lengths, constitutes such gross negligence as warrants the circuit judge in submitting to the jury the question of whether or not punitive damages should be allowed. If under the facts of this case it can be properly held that punitive damages would be allowed, then there would be deluge of cases seeking punitive damages whenever one vehicle was struck from the rear by another vehicle which was being driven at a speed in excess of the speed allowed and when the driver of the vehicle was not keeping a sharp lookout. We think the fact that the appellee endeavored to stop his car and not strike the rear of appellant’s station wagon cannot be disregarded. Such conduct was not so gross as to be the equivalent of willfulness. It *632 does not indicate a reckless or wanton disregard for the safety or property of others but an effort on his part to prevent the damage and injury which his negligence caused. Ulmer v. Bunner, 190 So.Zd 448 (1966); Maupin v. Dennis, 252 Miss. 496, 175 So.2d 130 (1965); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952).
Though it is not squarely before this Court, we are of the opinion that the jury could have granted a verdict somewhat larger. The verdict of $2,000 which the jury did render included all costs incurred by appellant in the sum of $460.48 together with the sum of $1539.52 covering all pain and suffering and temporary disability. We cannot say that the verdict of the jury shocks our conscience because of its inadequacy. Therefore, the judgment of the lower court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and PATTERSON, JJ., concur.