# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00269-SCT

*LADARRELL PERRY, A MINOR, BY AND THROUGH*
*HIS MOTHER AND NEXT FRIEND, ADDIE PERRY*

*v.*

*NATIONWIDE GENERAL INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/95 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DALE DANKS, JR. |
| | MERRIDA COXWELL |
| | CHARLES RICHARD MULLINS |
| ATTORNEYS FOR APPELLEE: | DOUGLAS G. MERCIER |
| | MARK C. CARROLL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/2/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This case arises from a January 23, 1995 order of the Hinds County Circuit Court granting Nationwide General Insurance Company's motion for summary judgment. We are asked to consider only the question of a municipality's plan of self-insurance is liability insurance as contemplated by the Uninsured Motorist Act. Finding that it is not, we reverse the circuit court's grant of summary judgment.

## I.

¶2. Sixteen-year-old Ladarrell Perry was injured on April 9, 1994, when his vehicle was struck by a City of Jackson police car. The car Perry was driving was covered by an insurance policy with Nationwide General Insurance Company, which provided $50,000.00 in uninsured motorist benefits.

¶3. Perry, through his mother and next friend, Addie Perry, filed a complaint against the City of Jackson, the police officer and Nationwide Insurance on October 27, 1994, charging that his injuries were caused by the officer's negligence. He asserted that the City of Jackson had rejected his claim made through the City Attorney's office, and that Nationwide also had refused to pay the benefits to which he was entitled. Nationwide filed a motion for summary judgment on January 14, 1995, arguing that because the City of Jackson purportedly was self-insured at the same level of the uninsured motorists coverage available to Perry, the patrol car was neither uninsured nor underinsured pursuant to the definition set forth in Miss. Code Ann. § 83-11-103(c)(iii).

II.

¶4. The sole issue raised by the parties for our consideration is whether a plan of self- insurance is "insurance" for the purpose of determining whether a tortfeasor is an "uninsured" motorist under the terms of our Uninsured Motorist Act. We find that it is not. *See McCoy v. South Central Bell Telephone Co.,* 688 So. 2d 214 (Miss. 1996)(a plan of self-insurance is not a commercial insurance policy for purposes of the Uninsured Motorists Act). However, we decline Nationwide's invitation to overrule this Court's decision in *Morgan v. City of Ruleville,* 627 So. 2d 275 (Miss. 1993).[1]

¶5. Accordingly, we reverse the order of the circuit court granting Nationwide's motion for summary judgment and remand for further proceedings consistent with this opinion.

¶6. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**LEE, C.J., SULLIVAN, P.J., BANKS AND ROBERTS, JJ., CONCUR. PRATHER, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, SMITH AND MILLS, JJ.**

> **PRATHER, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶7. I concur with the majority's view that the statutory self-insurance in the present case does not constitute insurance for the purposes of this State's uninsured motorist (UM) law. I write separately, however, to note an additional issue which, in my view, renders this issue moot in most, if not all, cases. Under statute and under the policy in the present case, Perry is only entitled to recover UM benefits to the extent that he is able to establish that he is "legally entitled to recover" damages from the City. Miss. Code Ann. §  83-11-101(1) (1991) provides that:

> No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle ..."

Given that Perry has available to him a statutory maximum of $50,000 in self-insurance benefits from

the city, he is entitled to no recovery in excess of this amount from the City. By statutory definition, immunity has been waived for the State and its political subdivisions for money damages arising out of the torts of the government and its employees, but only to the extent of $50,000, unless liability insurance in excess of this amount is obtained. See: Miss. Code Ann. § 11-46-16 (Supp. 1997).

¶8. This Court has previously held that no UM benefits are available to the plaintiff when recovery against the tortfeasor is barred by immunity. In *Aitken v. State Farm Mut. Auto. Ins. Co.,* 404 So.2d 1040, 1044-1045 (Miss. 1981), this Court held that where the plaintiff's claim against his wife, who was an uninsured driver, was barred by interspousal immunity, the plaintiff was thus not "legally entitled to recover" from said wife and the wife's defense of immunity could be raised by the UM carrier. In *Medders v. U.S. Fidelity and Guar. Co.*, 623 So.2d 979, 989 (Miss. 1993), this Court reaffirmed that there "is no statutory mandate to provide [UM] coverage in instances when the alleged tortfeasor is immune from liability."

¶9. Nationwide argues that:

> The proposition which Perry offers the Court is untenable. Perry would collect the $50,000 available to it from the City of Jackson's self-insurance, and thereafter, re-characterize that $50,000 as something other than insurance. By re-characterizing the $50,000 self-insurance liability coverage, Perry would then recover the $50,000 available under the "uninsured motorist coverage" portion of the Nationwide policy which covers the vehicle that Perry was driving. In other words, Perry wishes to have his "cake and eat it too"- double-dip.

If Perry receives $50,000 from the city through the self-insurance plan, then he would be legally entitled to no further recovery from the City or its employee and, consequently, he would be entitled to no UM benefits. In the event that Perry is awarded damages of less than $50,000, the City's self-insurance would presumably be primary and Perry would be completely compensated for his injuries by said self-insurance and thus have no claim for additional damages against the City or Nationwide[2].

¶10. While I understand that this issue was not raised by either party, the majority is, in my view, remiss in remanding for further proceedings when Perry is clearly entitled to no additional recovery. By merely holding that the City's self-insurance does not qualify as "insurance" for purposes of the UM act, the majority could give the mistaken impression that this Court has concluded that UM benefits should be available in the present case and in similar cases. I would reverse and render judgment in favor of Nationwide, and I must therefore respectfully dissent in part.

**PITTMAN, SMITH AND MILLS, JJ., JOIN THIS OPINION.**

1. The dissent raises an issue not raised by the parties on appeal. While Perry sought actual damages of $250,000 as well as an additional $250,000 in punitive damages, the question before us is one of coverage and not one of damages. However, in getting to the question of coverage and what one legally is entitled to recover, the dissent overlooks our decisions in both *McCoy* and *Morgan*. Furthermore, we have adhered to the proposition that immunity is waived up to the amount of

insurance procured. Miss. Code Ann. § 21-15-6, *Morgan,* 627 So. 2d at 280.

Because summary judgment was granted as a matter of law and the question of damages has not been resolved, we cannot simply render the case now before us.

2. Even assuming that a plaintiff is not able to establish that he is legally entitled to recover in excess of $50,000 from the State or its political subdivisions, UM benefits might yet be relevant in some hypothetical situations. If a City failed to comply with the statutory requirements that it obtain self-insurance up to the extent of its liability and if the plaintiff is thus unable to recover for his damages up the City's $50,000 extent of liability, UM benefits would arguably be available to supplement whatever damages the plaintiff is able to recover from the City, up to a combined recovery from the City and the UM carrier of $50,000.