William C. **COLEMAN**, Plaintiff,

v.

**AMERICAN MANUFACTURERS
MUTUAL INSURANCE
COMPANY**, Defendant,

v.

The **CITY OF GREENVILLE,**
Third Party Defendant.

Civil Action No. 4:95cv73–D–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

Dec. 8, 1995.

Gaines S. Dyer, James Rabun Jones, Jr., Greenville, Mississippi, for Plaintiff.

Thomas Y. Page, Walter Christian Morrison, IV, Jackson, Mississippi, for American Manufacturers Mutual Insurance Company.

Guy Ken Ellis, Jr., Greenville, Mississippi, for The City of Greenville, Mississippi.

*MEMORANDUM OPINION*

DAVIDSON, District Judge.

Presently before the court is the motion of the defendant American Manufacturers Mutual Insurance Company ("American") for the entry of summary judgment on its behalf.

## FACTUAL SUMMARY[1]

The instant action centers upon an automobile accident involving the plaintiff's vehicle and a fire truck owned and operated by the City of Greenville, Mississippi. On October 3, 1993, an employee of the Greenville Fire Department, Homer L. Smith, drove the fire truck through a red light at the intersection of Alexander Street and Colorado Street in Greenville, striking the plaintiff's vehicle. At the time the fire truck entered the intersection, it was travelling approximately five (5) miles per hour above the posted limit of thirty-five (35) miles per hour, and had its emergency lights and sirens in operation. The plaintiff made a demand for compensation against the City of Greenville for his injuries, which was denied based upon an assertion of the city's immunity under the Mississippi Sovereign Immunity Act. Miss. Code Ann. § 11–46–9(c). The plaintiff then turned to his own auto insurance carrier and filed a claim under his uninsured motorist (UM) coverage, taking the position that the City of Greenville's fire truck was an "uninsured vehicle" as defined under Mississippi's Uninsured Motorist Act. That claim was also denied, and this litigation resulted.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.1994). "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Federal Sav. & Loan Ins. v. Kralj*, 968 F.2d 500, 503 (5th Cir.1992). The facts are reviewed drawing all reasonable inferences in favor of the party opposing the motion. *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir.1994).

### II. THE PLAINTIFF'S UNINSURED MOTORIST COVERAGE

#### A. IS THE FIRE TRUCK AN "UNINSURED" VEHICLE?

Initially, in order to recover under his insurance policy's uninsured motorist provisions, the plaintiff must establish that the fire truck was an "uninsured vehicle" as defined under Mississippi law. Miss.Code Ann. § 83–11–103(c). The most common qualification is that an "uninsured motor vehicle" is "[a] motor vehicle as to which there is no bodily injury liability insurance." Miss.Code Ann. § 83–11–103(c)(i). The plaintiff has alluded to the fact that the City of Greenville does not possess traditional insurance coverage, but rather is self-insured through the Mississippi Municipal Liability Plan (MMLP), and such self-insurance is authorized by state statute. Miss.Code Ann. § 11–46–17(5) (Supp.1995). The MMLP is a form of self-insurance and does not constitute "insurance" sufficient to create a waiver of sovereign immunity. *Morgan v. City of Ruleville*, 627 So.2d 275, 281 (Miss.1993); *McGee v. Parker*, 772 F.Supp. 308, 310–12 (S.D.Miss.1991); *White v. City of Morton*, 775 F.Supp. 962, 967–69 (S.D.Miss.1990), *rev'd on other grounds*, 959 F.2d 539 (5th

---

1. In ruling on a motion for summary judgment, this court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant(s). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). Rather, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. The facts, as relied upon by the court in this opinion, are so presented.

Cir.1992); *C–1, a Minor v. City of Horn Lake,* 775 F.Supp. 940, 951–52 (N.D.Miss. 1990). One of the plaintiff's contentions in this cause is that the MMLP likewise does not constitute "insurance" for purposes of the Mississippi Uninsured Motorist Act.

In any event, the defendant feels this is a non-issue, and instead relies upon its other arguments. As it is the burden of the defendant to establish that it is entitled to summary judgment, and as it has not attempted to do so on this issue, the court shall not dwell upon this matter further.

### B. MAY THE INSURANCE COMPANY ASSERT THE CITY'S IMMUNITY DEFENSE?

■ The defendant also contends that, even if the fire truck is an "uninsured vehicle" within the meaning of the Uninsured Motorist Act, the plaintiff cannot adequately establish that he is "legally entitled to recover" from the City of Greenville so that he can recover from the defendant insurance company.

The defendant is correct in its statement that in order to prevail in this cause, the plaintiff must show that he is "legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle," which in this case, the plaintiff charges, is the City of Greenville. Miss.Code Ann. § 83–11–101(1). The defendant charges that since the City of Greenville is protected from liability by the doctrine of sovereign immunity, the plaintiff is not "legally entitled to recover" from the city.

■ Some jurisdictions have determined that a UM carrier is not entitled to assert an uninsured motorist's defense of sovereign immunity. *See, e.g., Tinsley v. Worldwide Ins. Co.,* 442 S.E.2d. 877, 879 (Ga.Ct.App.1994); *Michigan Millers Mut. Ins. Co. v. Bourke,* 607 So.2d 418, 422 (Fla.1992). However, the Mississippi Supreme Court has held that the phrase "legally entitled to recover found in the Mississippi [Uninsured Motorist] statute

limits the scope of the coverage mandated by the statute to those instances in which the insured would be entitled at the time of injury to recover through legal action." *Medders v. U.S. Fidelity & Guar. Co.,* 623 So.2d 979, 989 (Miss.1993). As the question hinges upon the ability to recover from the uninsured motorist at the time of injury, "[t]here is no statutory mandate to provide [uninsured motorist] coverage in instances where the alleged tortfeasor is immune from liability." *Medders,* 623 So.2d at 989. The *Medders* case involved immunity under the exclusivity provisions of Mississippi Worker's Compensation law, but the same result was also reached when that court addressed a case involving interspousal tort immunity.[2] *See Matthews v. State Farm Mut. Auto Ins. Co.,* 471 So.2d 1223, 1225 (Miss.1985) (allowing UM carrier to assert interspousal tort immunity as defense); *Aitken v. State Farm Mut. Auto Ins. Co.,* 404 So.2d 1040, 1045 (Miss.1981) (stating "[i]t was not intended that the named insured be granted greater rights against the uninsured motorist carrier than she would have enjoyed against the uninsured tort feasor".). An insurance carrier has available to it all the substantive defenses of the uninsured motorist. *Aitken,* 404 So.2d at 1045. In the case at bar, defendant American Manufacturers has available to it all the substantive defenses that the City of Greenville would have if the city were a defendant in this action—including sovereign immunity.

### III. DOES IMMUNITY PRECLUDE RELIEF?

■ Since American Manufacturers is entitled to assert the protection of Greenville's sovereign immunity in this case, the court must now determine if this immunity necessarily precludes recovery on the plaintiff's claims. The Mississippi Sovereign Immunity Act provides in relevant part:

§ 11–46–9 Exemption of governmental entity from liability on claims based on specified circumstances

---

**2.** Mississippi has since abolished the interspousal tort immunity doctrine. *Burns v. Burns,* 518 So.2d 1205 (Miss.1988). Nonetheless, the reasoning behind the *Matthews* and *Aitken* decisions concerning the relationship between immunity and the UM carrier remains valid and applicable to this case.

(1) A governmental entity and its employees acting within the scope of their employment or duties shall not be liable for any claim:

. . . . .

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;

Miss.Code Ann. § 11–46–9(1)(c) (Supp.1995). In his complaint, the plaintiff charges that the plaintiff was struck by the Greenville fire truck, "at the time being negligently operated by Homer L. Smith, an employee of the City of Greenville acting within the scope and course of his employment with said city." Plaintiff's Complaint, ¶ 3. There is no allegation of recklessness on the part of Mr. Smith in the complaint, and the plaintiff has not moved to amend his complaint at any time thus far in the proceedings.

In his submissions to the undersigned, the plaintiff strenuously argues that there is sufficient evidence of recklessness to allow his claims to survive the defendant's motion for summary judgment. Based upon the facts presently known to the court, and considering them in the light most favorable to the plaintiff, it is the opinion of this court that there are indeed sufficient genuine issues of material fact in this case such that granting summary judgment on the issue of recklessness would be improper at this time. Nonetheless, the plaintiff has offered no explanation for his failure to plead recklessness in this action.

A party may amend his pleadings after responses have been served "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The undersigned is of the opinion that before this matter is resolved, the plaintiff should be given an opportunity to move to amend his pleadings. Until such time as the matter of potential amendments is resolved, the court shall hold in abeyance the defendant's motion for summary judgment.

A separate order in accordance with this opinion shall issue this day.