IN THE SUPREME COURT OF MISSISSIPPI
NO. 1998-CA-01513-SCT

*CITY OF JACKSON, MISSISSIPPI, MARCUS EDWARDS AND NATIONWIDE GENERAL INSURANCE COMPANY*

*v.*

*LADARRELL PERRY, A MINOR, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, ADDIE PERRY*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/1998 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROMAINE LEVEAN RICHARDS |
| | HUGH W. TEDDER, JR. |
| | MARK C. CARROLL |
| | PATRICK M. TATUM |
| ATTORNEYS FOR APPELLEE: | DALE DANKS, JR. |
| | PIETER JOHN TEEUWISSEN |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED AS MODIFIED - 5/4/2000 |
| MOTION FOR REHEARING FILED: | 5/18/2000; denied 8/24/2000 |
| MANDATE ISSUED: | 8/31/2000 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case presents issues concerning the interplay between our underinsured motorist statutes and those governing sovereign immunity. We conclude that the statutes were properly interpreted to allow recovery on both the uninsured motorist provision and the tort claims act. We reform the judgment to reflect that the total is not jointly and severally due. In all other respects we affirm.

**I.**

¶2. On April 9, 1994, Ladarrell Perry, a minor, was involved in an automobile accident with Officer Marcus Edwards, a Jackson City Police Officer. Perry, by and through his mother, Addie Perry, brought suit against Officer Edwards, the City of Jackson (hereinafter referred to as "City") and Nationwide General Insurance Company (hereinafter referred to as "Nationwide"). Perry alleged that the sole proximate cause of his injuries was attributable to Edwards's negligent operation of his automobile, causing it to crash into Perry's vehicle. Perry alleged that Officer Edwards acted with gross negligence while acting in the course and scope of his employment as an agent and employee of the City of Jackson, Mississippi. Perry demanded judgment from the City of Jackson and Officer Edwards for $250,000 in actual damages and $250,000 punitive damages. The facts producing this suit are as follows.

¶3. On April 4, 1994, at 11:00 p.m., Perry, was driving a black vehicle owned by Connie Dixon. Perry did not have a driver's license at that time. He testified that he was not sure whether he had a learner's permit. Perry was exiting the parking lot of the Fairmont Apartments, on Raymond Road. As Perry proceeded into Raymond Road, Officer Edwards was speeding going east in a police patrol vehicle on Raymond Road without using the sirens or blue lights. Officer Edwards was not on an emergency call, but was going to dinner. Perry pulled into Raymond Road turning left, and going westward. Officer Edwards crashed into the car that Perry was driving.

¶4. The City of Jackson does not possess general liability insurance but is self-insured. Based on the aforementioned facts, Perry sued Nationwide to obtain the uninsured/underinsured motorist proceeds. At the time of the accident, the car Perry was driving was owned by Connie Dixon, a nonparty that Nationwide insured.

¶5. Nationwide responded by arguing the City is not an uninsured/underinsured motorist for purposes of the Uninsured Motorist Act. Nationwide contended that the liability amount limit of the City of Jackson, in effect at the time of this accident, was the same amount of Nationwide's uninsured motorist coverage on Perry. Therefore, Nationwide claimed that Mr. Perry was not entitled to the uninsured motorist benefits provided by Nationwide.

¶6. In an previous appeal on this issue, this Court held that the City's self-insurance plan was not "insurance" for determining coverage under the Uninsured Motorist Act. *Perry v. Nationwide Gen. Ins. Co.*, 700 So. 2d 600, 601 (Miss. 1997).

¶7. On August 24 and 25, 1998, a bench trial was held before the Honorable James E. Graves, Jr., Circuit Judge. At the close of the evidence, the City and Nationwide each made a motion for directed verdict. Both motions were denied. Subsequently, the trial judge entered a decision in favor of Perry. The trial court found that Perry was 10% contributorily negligent. A judgment was entered for Perry in the amount of $101,700.

¶8. Nationwide and the City of Jackson appeal from that judgment.

## II.

¶9. This Court's standard of review of a judgment from a bench trial is well settled. "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *Puckett v. Stuckey*, 633 So. 2d 978, 982 (Miss. 1993); *Sweet Home Water & Sewer Ass'n v.*

*Lexington Estates, Ltd.*, 613 So. 2d 864, 872 (Miss. 1993); *Allied Steel Corp. v. Cooper*, 607 So. 2d 113, 119 (Miss. 1992). This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 661 (Miss. 1985). This Court reviews errors of law, which include summary judgments and motions to dismiss, de novo. *Cooper v. Crabb*, 587 So. 2d 236, 239 (Miss. 1991). "Notwithstanding our respect for and deference to the trial judge, on matters of law it is our job to get it right. That the trial judge may have come close is not good enough." *Cooper*, 587 So. 2d at 239 (quoting *UHS-Qualicare, Inc. v. Gulf Coast Community Hosp., Inc.*, 525 So. 2d 746, 754 (Miss.1987)).

## III.

### A.

¶10. We must first determine whether the City of Jackson and Officer Edwards were entitled to immunity under the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § § 11-46-1- et seq. (Supp. 1999). The City of Jackson and Edwards argue that they are entitled to immunity because there was no showing of reckless disregard of the safety and well-being of others by Officer Edwards. The City of Jackson and Edwards also argue that they are not liable because Perry was in the commission of a criminal activity at the time of the accident.

¶11. Section 11-46-9 waives immunity if Officer Edwards acted with reckless disregard of Perry's safety. That statute states as follows:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ...(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection **unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury**.

Miss. Code Ann. § 11-46-9 (Supp. 1999) (emphasis added). The City and Officer Edwards argue that Perry pled neither that Officer Edwards acted with reckless disregard of Perry's safety and well-being, nor that Officer Edwards's actions were "willfully or wantonly" committed. We review these arguments in turn.

¶12. The City argues that the facts asserted by Perry may show simple negligence, but not reckless disregard of safety. The City argues that this Court has held that speeding by itself is not reckless disregard. The City cites to speeding cases addressing punitive damage awards because the standard to award punitive damages is the same as is required under the MTCA to waive immunity, reckless disregard of the safety of others. The City cites to *Maupin v. Dennis*, 252 Miss. 496, 175 So. 2d 130 (1965) and *Mayfield v. Johnson*, 202 So. 2d 630 (1967), for the proposition that punitive damages, like damages under the MTCA, are not awarded for simple negligence, but only reckless disregard.

¶13. In *Maupin*, this Court held that an individual who was driving at an excessive rate of speed and hit a parked vehicle acted with reckless or wanton disregard of the safety of others, but the plaintiff was not entitled to punitive damages. *Maupin v. Dennis*, 252 Miss. at 499-500, 175 So. 2d at 131. The Court held that punitive damages are ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard for the safety of others. There, Maupin's actions were found to be simple negligence in failing to exercise due care in the operation of his car.

¶14. In *Mayfield*, punitive damages were not allowed where the proof indicated that the defendant was speeding. *Mayfield*, 202 So. 2d 630. There, Johnson drove his automobile into the rear of Mayfield's vehicle, which was struck and rolled the distance of more than five car lengths. *Id*. The Court considered the fact that Johnson attempted to stop his car and not strike Mayfield. The Court concluded that such conduct is not so gross as to be equivalent to willfulness. *Id*. at 631-32.

¶15. The City's reliance on *Maupin* and *Mayfield* for support that Officer Edwards's conduct does not reach the level of reckless disregard for human safety is misplaced. Neither *Maupin* nor *Mayfield* involved claims under the MTCA. Perry cites to the correct authorities for the determination of whether an officer's actions constitute "reckless disregard" in the MTCA context, *Turner v. City of Ruleville*, 735 So. 2d 226 (Miss. 1999); and *Maye v. Pearl River County*, No. 98-CA-00023-SCT, 1999 WL 374559 (Miss. Jun. 10, 1999).

¶16. In *Turner,* this Court held that a showing of intent to harm is not required to remove an act from immunity, but it must be determined whether the officer's actions were "in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury." *Turner v. City of Ruleville*, 735 So. 2d at 230 (¶¶ 18-19). In *Turner*, this Court held that an officer acted with reckless disregard for the safety of others when he allowed a visibly intoxicated motorist to continue driving. *Id*. The Court held this to be reckless disregard of the safety of any person, when that intoxicated motorist later had an accident.

¶17. In *Maye*, a police officer backed his car into a car that the plaintiff was driving. *Maye v. Pearl River County*, 1999 WL 374559, at *1. This Court held that with conscious indifference to the consequences, the officer backed out knowing he could not see what was behind him. The Court held that the officer's actions rose above simple negligence to the level of reckless disregard of the safety and well-being of others. *Id*., at *5 ¶ 22.

¶18. Here, the City suggests that Officer Edwards simply hit Perry, who was pulling out into the street. However, the facts show more than an innocent accident. Edwards testified to seeing Perry's vehicle stopped at the Fairmont Townhomes. Perry attempted a left turn from Fairmont Townhomes to Raymond Road going west. Officer Edwards was driving at a minimum of 57 miles per hour in a posted 35 miles per hour zone on Raymond Road. Officer Edwards struck Perry's vehicle in the driver's door knocking the vehicle 75 feet. The facts also show that Officer Edwards was in a non-emergency situation using neither sirens nor flashing lights. He was going to meet fellow officers for dinner. Edwards also testified that, being new to the department, he would customarily drive without knowing how fast he was going. Edwards further admits that police officers, unless they are on an emergency call, must abide by the speed limit.

¶19. Edwards's negligent actions are similar to the officer's actions in *Maye*. Because Edward's actions rise above mere negligence, Edwards showed a reckless disregard of the safety and well-being of others. Simply put, the trial judge did not err on this issue.

**B.**

¶20. The City also argues that the City and Edwards are not liable because Perry was in the commission of a crime. The City argues that § 11-46-9(1)(c) applies to individuals not committing a crime. Because Perry was engaged in criminal activity, the City argues that its immunity has not been waived. Specifically, the City asserts that Perry was violating Miss. Code Ann. § 63-1-5 (1996), which states, "[n]o person shall drive

or operate a motor vehicle other than a motorcycle upon the highways of the State of Mississippi without first securing an operator's license to drive on the highways of the State of Mississippi, except those persons especially exempted by § 63-1-7." (The exemptions referred to in § 63-1-7 are not applicable here). The City argues that because Perry was driving the car without a driver's license, its immunity has not been waived.

¶21. The clear language of the statute states that immunity under this section of the statute is waived if there is a showing that "the employee acted in reckless disregard of the safety and well-being of any person ***not engaged in criminal activity at the time of injury***." Miss. Code Ann. § 11-46-9(1)(c) (Supp. 1999) (emphasis added).

¶22. Perry argues that driving without a license is not the type of criminal activity that § 11-46-9 covers. Perry cites to § 11-46-5(2)(Supp. 1999)(Waiver of immunity; course and scope of employment), which states that an employee is not considered within the course and scope of employment if the employee's conduct constituted "any criminal offense ***other than traffic violations***."(Emphasis added). Perry argues that because the legislature distinguished criminal activities from traffic violations for tortfeasor employees, extending this distinction to victims is only logical. Perry argues that the meaning of the non defined "criminal activity" stated in § 11-46-9 should therefore be construed the same as the defined criminal activity in § 11-46-5 (which states that traffic violations are an exception to criminal activity).

¶23. Here, Perry was neither issued a citation for driving without a license nor charged with any crime. One Mississippi statute defines criminal activity, which is used in the chapter on restitution to victims of crimes. Miss. Code Ann. § 99-37-1(a) (1994) ("Criminal activities" shall mean any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant).

¶24. Driving without a license, a traffic violation, is not specifically designated as a crime in the Mississippi Code. Although there is a general provision providing a penalty for any violation of the chapter in which the licensing provision is found, that catch-all provision does not provide that such violations be considered criminal. Miss. Code Ann. § 63-1-69 (1996) (Punishment for violations where no specific penalty provided). There are other statutes within our code regulating the use of our highways which specifically denominate violation as misdemeanors or felonies. *See, e.g.,* Miss. Code Ann. § 63-1-57 (1996) (Driving while license is canceled, suspended, or revoked-misdemeanor); § 63-1-60 (Alteration, fraudulent use, or fraudulent procurement of license-misdemeanor); § 63-2-7 (Violations of mandatory use of Safety Belts Chapter- misdemeanor); § 63-3-401(4)(Duties of driver involved in accident resulting in personal injury or death-felony).

¶25. Beyond that, however, for the purposes of Miss. Code Ann. § 11-46-9, in order for the fact a victim is then engaged in criminal activity to bar recovery it must be shown that the criminal activity has some causal nexus to the wrongdoing of the tortfeasor. The statute is designed to protect law enforcement personnel from lawsuits arising out of the performance of their duties in law enforcement, with respect to the alleged victim. It is not designed to protect grossly negligent or intentional tortfeasors from liability where the fact that the victim is engaged in a criminal activity is merely fortuitous and has no relation to the transaction out of which the liability would otherwise arise. It would be anomalous to suggest, for example, that a recklessly negligent officer who runs down a pedestrian on the sidewalk, escapes liability on a showing that the pedestrian was then and there in possession of untaxed whisky.

¶26. This Court construes statutes "to produce a harmonious conclusion consistent with common sense and

natural justice."***Middleton v. Lincoln County***, 122 Miss. 673, 84 So. 907, 909 (1920). Because the Officer's conduct did not have anything to do with the criminal activity involved here, the City of Jackson's argument is without merit.

## IV.

¶27. The City argues that the trial court's finding that Perry was only 10% contributorily negligent goes against the overwhelming weight of the evidence. The City argues that Perry was more than 10% contributorily negligent. The City argues that Miss. Code Ann. § 63-3-807 (1999) mandates that," [t]he driver of a vehicle about to enter or cross the highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." The City argues that Perry had the duty to yield the right-of-way to Edwards, and because he breached this duty, he placed his vehicle in a position to be hit by the oncoming car driven by Officer Edwards. The City argues that Perry, if not totally at fault for his actions, is at least 80 to 95% contributorily negligent for the accident.

¶28. Perry argues that the trial judge correctly found him only 10% contributorily negligent. Perry asserts that the facts show that Perry was struck in the innermost lane of a four-lane highway. Also, Perry argues that the one of the two eyewitnesses to the accident stated that "the police car was coming at a high rate of speed over the top of the hill . . . and that car started sliding, maybe about 300 feet on that road." The other eyewitness stated that "the [police] car was traveling at a very high rate of speed," with screeching tires and smoke coming from the tires. Perry argues that based on the testimony, Perry had the right-of-way and Officer Edwards was largely if not totally, at fault.

¶29. This contest of the correct percentage of negligence is attributable purely to the factual underpinnings of this case. In reviewing the facts, "this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived to a contrary verdict, we are required to reverse and render." *Steele v. Inn of Vicksburg, Inc.*, 697 So. 2d 373, 376 (Miss. 1997). Here, the trial judge heard testimony from both sides. The trial judge found that both parties were negligent. Pertaining to Officer Edwards's negligence, the trial judge stated as follows:

> However, in this instance where the evidence is uncontroverted that the officer exceeded the speed limit at the time of this collision and where the evidence is that the City of Jackson's own investigation revealed that to the extent that the Police Department determined that a written reprimand was appropriate with regard to officer's operation of the vehicle, the Court finds that the conduct of the officer with regard to his operation of the level of reckless disregard.

Pertaining to Perry's negligence, the trial judge considered the fact that Perry testified that he did not see the police car, but there was no testimony that Officer Edwards's vehicle did not have his headlights on. Also, there was no testimony that anything was obstructing Perry's view. The trial judge concluded that Perry was 10% contributorily negligent for the accident. When a trial judge sits without a jury, this Court will not disturb his factual determination where there is substantial evidence in the record to support those findings. *Corry v. State*, 710 So. 2d 853, 856 (Miss. 1998)(citing ***Yarbrough v. Camphor***, 645 So. 2d 867, 869 (Miss. 1994)). This Court holds that there is substantial evidence to support the trial judge's findings.

¶30. Viewing the evidence, with all reasonable inferences in favor of Perry, the factual determinations of the

trial judge are not against the overwhelming weight of the evidence.

## V.

¶31. The City argues that the judgment amount of $101,700 is against the overwhelming weight of the evidence. Also, the City argues that the amount is excessive and contrary to the provisions of § 11-46-15.

## A.

¶32. The City argues that the verdict is against the overwhelming weight of the evidence. The City argues that the award for pain and suffering and for lost wages goes against the overwhelming weight of the evidence. The City argues that the trial judge erred by awarding Perry $100,000 for pain and suffering and $11,000 for medical expenses, because Perry did not make a claim for any permanent damages. The City further argues that the trial court erred in awarding Perry $2,000 in lost wages, because Perry did not provide any testimony as to how much or how often he got paid.

¶33. In awarding pain and suffering to Perry, the trial judge considered the injuries to Perry. The trial judge stated as follows:

> The testimony in that connection [pain and suffering] indicates that there were some four months wherein the Plaintiff [Perry] was dealing with problems relating to his recovery from these injuries, that he was confined for a period of time to a wheelchair, that he had to go from a wheelchair to crutches, to use the bar, and then learning how to walk and ambulate subsequent to the injuries he sustained in this accident. That there was a pelvic fracture. That he had to have some stitches as a result of a cut sustained in the accident and that he had to have a catheter. In that connection the Court is persuaded that the pain associated with these injuries at times was severe.

Perry asserts that he incurred approximately $11,000 in medical bills. These bills arose from a fractured pelvis, cuts requiring stitches on the face and shoulder, a punctured lung and fractured collar bone. Perry also argues that the seriousness of Perry's injuries is underscored by Officer Smith who testified that he thought there might be a fatality, upon seeing the accident. Perry's mother testified that Perry was dependent on someone to bathe him and assist him in using the bathroom. Perry testified that he had to repeat the eleventh grade as a result of the accident. Perry asserts that he did not fully recover until November 1994, seven plus months after the accident.

¶34. Considering the evidence the trial judge considered in awarding damages, the damages award is not "so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Harvey v. Wall*, 649 So. 2d 184, 187 (Miss. 1995).

¶35. The trial judge did not err in awarding damages in the amount of $101,700.

## B.

¶36. The City argues that the trial judge erred in awarding Perry an amount more than $50,000 according to the MTCA. The City argues that pursuant to Miss. Code Ann. § 11-46-15(1)(a)(Supp. 1999), the City of Jackson has sovereign immunity for any claim in excess of $50,000. The City asserts that § 11-46-15(3) states that if the verdict exceeds the maximum dollar amount of liability provided in subsection (1) of said section, the Court shall reduce the verdict accordingly and enter judgment in an amount not to exceed the

maximum dollar amount of liability provided in subsection (1). The City argues that because the trial court failed to grant the City of Jackson's request for remittitur, it violated § 11-46-15, and the judgment should be reversed.

¶37. Perry argues that the City confuses liability with collectability. Perry argues that § 11-46-25 (Suits by and against municipalities) limits liability of the City at $50,000. Perry argues that, while the Court may award a judgment greater than the statutory limitation, the plaintiff may only collect up to the cap amount from the City. Perry argues that the failure of the trial judge to reduce the judgment is moot since the plaintiff cannot legally collect the excess amount from the City.

¶38. The plain language of Miss. Code Ann. § 11-46-15(3) states that the maximum amount recoverable from the City of Jackson is $50,000. The statute does not mention recovery from other parties, i.e., Nationwide. However, as discussed below, the plaintiff here can also recover $50,000 from Nationwide. The judgment was against both the City of Jackson and Nationwide. The language of the judgment, which uses the terms "joint and severally liable" in referring to Nationwide and the City of Jackson, is in error. The judgment should state that Nationwide is liable for its $50,000 policy and the City of Jackson is liable for $50,000, the mandated maximum recovery against the city pursuant to § 11-46-15(1)(a).

# VI.

## A.

¶39. Nationwide argues that Perry is not entitled to recover uninsured motorist ("UM") benefits because Nationwide is entitled to the right to assert the defense of immunity. Nationwide argues that Perry cannot recover more than $50,000 from the City of Jackson. Nationwide cites to *Aitken v. State Farm Mut. Auto. Ins. Co.,* 404 So. 2d 1040 (Miss. 1981), *Medders v. United States Fidelity & Guar. Co.*, 623 So. 2d 979, 989 (Miss. 1993) and *Coleman v. American Mfrs. Mut. Ins. Co.*, 930 F. Supp. 252 (N.D. Miss. 1996) for support.

¶40. Nationwide argues that, in *Aitken*, this Court held that because plaintiff was not "legally entitled to recover " a verdict from his wife based on interspousal immunity, he was not able to recover uninsured motorist benefits under his policy. *Aitken*, 404 So. 2d 1044-45. The Court held that the uninsured motorist carrier could raise the wife's defense of immunity in defeating the plaintiff's claim under the uninsured motorist portion of the policy. *Id*.

¶41. Nationwide also cites to *Medders*  for support of this argument. *Medders v. United States Fidelity & Guar. Co.*, 623 So. 2d 979 (Miss. 1993). In *Medders*, this Court held that there was no statutory mandate to provide a party uninsured motorist coverage in those instances in which the alleged tortfeasor's immunity from liability barred the plaintiff's recovery. *Medders*, 623 So. 2d at 988. Medders, an employee of Williams ambulance service, was killed in an accident with a truck owned by Georgia Pacific Corporation. Medders's wrongful death beneficiaries argued that the actions of his co-employee, operator of the ambulance at the time of the accident, were so grossly negligent as to remove the action from the purview of the Mississippi Workers' Compensation Act. The beneficiaries argued that they were entitled to the policy benefits and damages for the wrongful death of Medders. *Id*. at 980. There, this Court held that the Workers' Compensation law barred recovery under the employer's uninsured motorist coverage. This Court held that the term legally entitled to recover found in the Mississippi Uninsured Motorist statute limits the scope of coverage mandated by the statute to those instances in which the insured would be entitled at

the time of injury to recover through legal action. *Id*. at 989. Because Workers' Compensation was the only remedy available against the co-employee and employer, Medders could not recover uninsured motorist benefits. *Medders*, 623 So. 2d at 985.

¶42. In *Coleman*, the federal district court for the Northern District of Mississippi, applying Mississippi law, held that "the question hinges upon the ability to recover from the uninsured motorist at the time of the injury, '[t]here is no statutory mandate to provide coverage in instances where the alleged tortfeasor is immune from liability.'"*Coleman*, 930 F. Supp. at 254 (quoting *Medders*, 623 So. 2d at 989). In *Coleman*, the insured was involved in an automobile collision with a City of Greenville fire truck, which had sovereign immunity from liability for any damages beyond the funds maintained by the self-insurance plan. After determining that the Greenville fire truck was "uninsured" for purposes of the Mississippi Uninsured Motorist Statute, the Court held that the plaintiff could not "adequately establish that he is 'legally entitled to recover' from the City of Greenville so that he can recover from the defendant insurance company." *Id*. at 254. The court went on to hold that "the defendant [insurance company] has available to it all substantive defenses that the City of Greenville would have if the city were a defendant in this action- including sovereign immunity." *Id*.

¶43. In *[Perry v. Nationwide Gen. Ins. Co.](#)*, 700 So. 2d 600 (Miss. 1997), an earlier appeal to this case, then Presiding Justice Prather, in her separate opinion, stated that if Perry receives $50,000 from the City through the self-insurance, then Perry would not be entitled to any further recovery from the City and would not be entitled to any UM benefits. *[Id](#).* at 601. There, then Presiding Justice Prather, joined by Justices Pittman, Smith and Mills, stated that "[b]y merely holding that the City's self insurance does not qualify as 'insurance' for purposes of the UM Act, the majority could give the mistaken impression that this Court has concluded that UM benefits should be available in the present case and in similar cases." *[Id](#)*. at 602.

¶44. Perry now argues that UM benefits should be available in the present case. Perry asserts that uninsured motorist coverage is to provide remedial funds despite liability, and thus this Court should liberally construe the statute to provide coverage to the innocent party. Perry cites to *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 871 (Miss. 1995), for the proposition that courts should strictly construe uninsured motorist coverage to avoid exceptions or exemptions from coverage. Perry asserts that failure to cover Perry, either through uninsured or underinsured limits, is contrary to Mississippi case law holding liberal construction in favor of the innocent, injured party. For support, Perry cites to a North Carolina Court of Appeals case that held that while a municipality may enjoy immunity, the uninsured motorist carrier could not. *Williams v. Holsclaw*, 495 S.E.2d 166 (N.C. Ct. App. 1998). In *Williams v. Holsclaw*, the court held that "[b]arring compensation to injured motorists based solely on the fortuity of being [hit] by a 'municipal' vehicle is contrary to the remedial purposes of the UM statute." *Id.* at 171.

¶45. Perry further argues that unlike the plaintiffs in the cases cited by Nationwide, Perry has sued the governmental entity **and** the insurance company. Perry argues that because the trial court's judgment was in excess of the statutory cap, Nationwide is liable for benefits. Perry argues that the immunity defense raised in *Coleman* was likewise raised here, but is defeated here by the officer's reckless disregard. Perry further argues that with immunity defeated and this Court previously determining the tortfeasor does not have insurance, Perry is entitled to turn to his uninsured motorist coverage.

¶46. We note that the holdings in *Medders, Coleman*, and *Aitken* address the issue of immunity. However, these cases do not address the scope of recovery when the city has waived immunity because of

an officer's reckless disregard of the safety and well-being of any person. Miss. Code Ann. § 11-46-9(1)(c) (Supp. 1999). In *Coleman,* for instance, the court noted that there was no allegation of recklessness, which would waive the City's immunity pursuant to § 11-46-9(1)(c)(Supp. 1995). *Coleman*, 930 F. Supp. at 254. Also in *Medders*, the Workers' Compensation Act, which was the exclusive basis for recovery, does not have a statutory mandate that waives immunity as Miss. Code Ann. § 11-46-9 does. Because the city has waived immunity, Nationwide is liable for the damages recoverable under the $50,000 policy.

## B.

¶47. Alternatively, Nationwide argues that if this Court holds that Nationwide could not assert the defense of immunity, Perry would still not be entitled to uninsured motorist benefits. Specifically, because Nationwide is allowed to offset funds received by the insured from the uninsured motorist benefits maintained, Nationwide argues that it does not have to pay because the City must pay $50,000. For support of this proposition Nationwide cites to *Fidelity & Guar. Underwriters, Inc. v. Earnest*, 699 So. 2d 585 (Miss. 1997); *Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 569 So. 2d 1217 (Miss. 1992); *Thiac v. State Farm Mut. Auto. Ins. Co.*, 569 So. 2d 1217 (Miss. 1990); *State Farm Mut. Auto. Ins. Co. v. Kueling*, 475 So. 2d 1159, 1163 (Miss. 1985).

¶48. Nationwide's offset argument is not applicable here. In the cases cited by Nationwide, the facts are different. In those cases, there was a specific provision in the contracts that provided for offset. *Kuehling*, 475 So. 2d at 1160; *Thiac*, 699 So. 2d at 587; *Dixie*, 614 So. 2d at 922; *Earnest*, 699 So. 2d 585, 588. In those cases, this Court examined the specific contracts to make its determination. Here, the record does not reflect that Nationwide has an offset provision in its contract.

¶49. The appellants have the burden of ensuring the record contains all facts necessary to the determination of the matters appealed. It is well settled that a reviewing court cannot consider matters which do not appear in the record and must limit itself to the facts that do appear in the record. *Herrington v. Spell*, 692 So. 2d 93, 101 (Miss.1997); *American Fire Protection, Inc. v. Lewis*, 653 So. 2d 1387, 1390 (Miss.1995).

¶50. Neither statutory nor case law requires this Court to "offset" the amount Perry receives from the City of Jackson, with the uninsured motorist benefits he receives from Nationwide. Accordingly, Nationwide's argument is without merit.

## VII.

¶51. The City and Edwards argue that the trial court erred in allowing Officers Charles Smith and Tim Corbitt to testify as experts without being designated pursuant to Rule 4.04A of the Uniform Rules of Circuit and County Court. Rule 4.04A of the Uniform Circuit and County Court Rules, states that, "[a]bsent special circumstances, the court will not allow testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record at least 60 days before trial." The City argues that Perry did not offer any special circumstances, at trial for not having designated either Officer Smith or Officer Corbitt and therefore, the trial judge abused his discretion when he allowed them to testify. The City argues that this Court should rule that the testimony from Officers Smith and Corbitt inadmissible.

¶52. The City's reliance on Rule 4.04A is misplaced. Rule 4.04A does not stand alone. In order for there to be a violation of a discovery request, there must first be a discovery request. Here, neither party made a

discovery request pursuant to [Rule 26(b)(4) of the Mississippi Rules of Civil Procedure](#). Here, the City failed to propound any discovery and conceded there is no discovery violation. The trial court stated that a party "can[not] object to them [Perry] offering it [expert witness] if you don't ask for it in a discovery request."

¶53. There was no violation of [Rule 4.04A](#) because there was no discovery request pursuant to [Rule 26(b)(4)](#).

**VIII.**

¶54. For the aforementioned reasons, the trial judge's decision is affirmed except that the judgment is reformed to reflect that it is not a joint and several judgment, in accordance with this opinion.

¶55. **AFFIRMED AS MODIFIED.**

> **PITTMAN, P.J., AND DIAZ, J., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. PRATHER, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, MILLS AND COBB, JJ. WALLER, J., NOT PARTICIPATING.**

> **PRATHER, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶56. I concur with the majority's holding that the parties are not jointly and severally liable for Perry's damages in the present case. For the reasons stated in my separate opinion in this case's earlier appearance before this Court,[1] I must respectfully dissent to the majority's conclusion that Nationwide should be held liable for uninsured motorist benefits in the present case. Prior to today, the law of this State has been clear that an injured party is eligible to recover uninsured motorist benefits from his UM carrier only if, and to the extent that, he is legally entitled to recover damages from the tortfeasor. This Court has consistently held that any immunity enjoyed by the tortfeasor similarly precludes the injured party from recovering benefits from his UM carrier. *See*: ***Medders v. United States Fidelity & Guar. Co.***, 623 So.2d 979, 989 (Miss. 1993); ***Aitken v. State Farm Mut. Auto. Ins. Co.***, 404 So.2d 1040 (Miss. 1981). *See also*: ***Coleman v. American Mfrs. Mut. Ins. Co.***, 930 F. Supp. 252 (N.D. Miss. 1996).

¶57. In the present case, the alleged tortfeasor is the City of Jackson, which may, under certain circumstances, be held vicariously liable for actions of its employee, Officer Edwards, under the Tort Claims Act. Pursuant to Miss. Code Ann. § 11-46-9(1)(c) (Supp. 1999), the City is not liable for acts of simple negligence on the part of police officers engaged in the course of their public duties, but only for acts evincing a "reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." The majority finds in its opinion that Officer Edwards did in fact demonstrate a reckless disregard for the safety of Perry.

¶58. Assuming, *arguendo*, that this conclusion is correct, then the majority was correct in holding the City liable up to the $ 50,000 statutory limits of liability in effect at the time of the accident. *See*: Miss. Code Ann. § 11-46-15(a). It is nevertheless clear, however, that Perry is not legally entitled to recover any sums from the City in excess of this $ 50,000 statutory limit. Id. The majority appears to acknowledge this fact in its opinion.[2] Given that Perry is legally entitled to recover no sums from the City in excess of $ 50,000, he is similarly unable to collect for these damages from his UM carrier under the clear and consistent line of precedent cited *supra*.

¶59. In opposition to this authority, Perry is only able to cite a North Carolina case which is clearly contrary to the established precedent of this Court. While this Court has interpreted the UM statute liberally in favor of recovery, we have also deferred to the clear language of the UM statute. *See*, e.g. ***Washington v. Georgia Am. Ins. Co.***, 540 So.2d 22 (Miss.1989); ***Cossitt v. Federated Guar. Mut. Ins. Co.***, 541 So.2d 436 (Miss.1989). The UM statute clearly requires a UM carrier to pay only those sums which the insured is "legally entitled to recover" from the tortfeasor, and this Court has, until today, consistently recognized this clear dictate of the statute.

¶60. The majority distinguishes the present case from ***Medders***, ***Coleman***, and ***Aitken*** because "these cases do not address the scope of recovery when the city has waived immunity because of an officer's reckless disregard of the safety and well being of any person. 11-46-9(1)(c) (Supp. 1995)" The majority disregards the fact that, even assuming that Officer Edwards acted in reckless disregard of public safety, such recklessness would only result in a waiver of the City's immunity *up to the $ 50,000 limits* which existed at the time of the present accident. Once Perry collected this amount from the City, however, the statutory limitations on the waiver of immunity became effective, and Perry was no longer legally entitled to recover damages from the City.[(3)]

¶61. I find the majority's holding to be in clear conflict with the language of our UM statute, and with the prior decisions of this Court, and I must accordingly dissent.

### SMITH, MILLS AND COBB, JJ., JOIN THIS OPINION.

1. ***Perry v. Nationwide Gen. Ins. Co.***, 700 So.2d 600, 601-02 (Miss. 1997)(Prather, P.J., concurring in part and dissenting in part and joined by Pittman, Smith and Mills, JJ.).

2. The majority states in its opinion that "the maximum amount recoverable from the City of Jackson is $ 50,000." (Majority op. at 15).

3. The majority's opinion also raises the difficult issue as to what will happen if Nationwide exercises its statutory right of subrogation against the tortfeasor in the present case, i.e. the City of Jackson. Miss. Code Ann. § 83-11-107 (1999) specifically grants a UM insurer a right of subrogation against "the person causing such injury, death or damage to the extent that payment was made." The majority appears to contemplate that Nationwide will be ultimately responsible for the damages in excess of $50,000, but such will be the case only if Nationwide is deprived of its statutory right of subrogation. It remains to be seen whether the taxpayers of the City of Jackson will in fact be held liable for the judgment in the present case.